## WILL PRYOR v. THE STATE.

### No. 1743.  Decided May 31, 1899.

**1.  Murder—Irrelevant Evidence as to Another Killing.**

On a trial for murder, evidence was inadmissible to the effect that two years prior to the homicide defendant's brother was killed by one G. W.; that subsequently G. W. was waylaid and killed, and that defendant and another were arrested for said killing, but were not indicted for it. The evidence was irrelevant and calculated to prejudice defendant before the jury.

**2.  Same—Motive.**

On a trial for murder, testimony as to the killing of defendant's brother by deceased and another was permissible as tending to prove the motive of defendant for killing deceased.

**3.  Confession—Warning, Character of.**

A confession or statement made by defendant when under arrest is incompetent where the warning given him was, that any statement he should make "might be used for or against him."  Following Guinn v. State, 39 Texas Criminal Reports, 257.

**4.  Confession by a Codefendant.**

A confession made by one of two codefendants, after their arrest for the crime,. can not be used in evidence against such other, even though he was present and heard the statement or confession which implicated him. Being under arrest, he was not called upon to deny it.

**5.  Murder—Principals—Charge.**

On a trial for murder, where the evidence showed that defendant and another acted together in the killing in pursuance of a previously formed design and plan for the killing the defendant was clearly a principal, and the court did not err in refusing to charge the law with reference to accomplices.

APPEAL from the District Court of Waller.  Tried below before Hon. WELLS THOMPSON.

Appeal from a conviction for murder in the second degree; penalty,. thirty-five years imprisonment in the penitentiary.

Appellant was charged by the indictment with the murder of Charley Williams, on the 17th of September, 1898, by shooting him with a pistol.

The killing occurred at a dance.  Deceased was shot in the back, while standing near a window, by some one from the outside.  The testimony all tended to show that the party who did the shooting was Joe Sullivan. Evidence was adduced to the effect that a brother of this defendant had been killed by Gibson Williams and Charley Williams some two years. before, and that about a year before Gibson Williams had been waylaid and killed, and that defendant and his brother-in-law, one Brown, had been arrested upon suspicion that they were the parties who had killed Gibson Williams; but they were never indicted for the murder.

Both this defendant and Joe Sullivan, after their arrest for this murder, made statements and confessions.  By Sullivan's confession, he implicated defendant with himself, and denounced defendant for denying his complicity and trying to lay the murder upon him.

There was other testimony tending to show a conspiracy and acting together by defendant and Sullivan in the killing.

No brief for appellant has come to the hands of the Reporter.

*Robt. A. John*, Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of murder in the second degree, and his punishment assessed at confinement in the penitentiary for a term of thirty-five years, and appeals.

During the trial the State was permitted to prove that Abe Pryor, appellant's brother, was killed about two years before by Gibson and Charley Williams; that Gibson Williams was waylaid and killed about one year ago, and that defendant and his brother-in-law Brown were arrested on suspicion of the murder of Gibson Williams.  Appellant was not indicted, however, for the murder of said Gibson Williams. Objection was urged to this testimony, on the ground that the defendant was in no way connected with the killing of Gibson Williams, and that

said testimony was irrelevant, and calculated to prejudice appellant's cause before the jury. We believe the testimony as to Gibson Williams should have been excluded upon appellant's objection. The testimony as to the killing of Abe Pryor by Gibson and Charley Williams was permissible, as it tended to prove motive on the part of appellant for the killing of Charley Williams. The court permitted Lipscomb, Crook, and Greer to testify to a confession or statement of defendant. In the warning given, appellant was told that any statement he should make might be used "for or against him." This is not such a warning as is required by the statute. Guinn v. State, 39 Texas Crim. Rep., 257. Exception was also reserved to the confession of Joe Sullivan, to the effect that he killed deceased by shooting him through the window, and that he had agreed with Will Pryor (appellant) to "case" deceased; that should deceased come out the front part of the house, Will Pryor was to shoot him, and he (Sullivan) was to go around the house and shoot him through the window. The warning given as to this confession was the same as that given defendant, to wit, that whatever statement he might make could be used "for or against him." This is not such a warning as is required by the statute.

We would observe further that at the time these confessions were made the parties were under arrest. It was subsequent to the killing. And, being under arrest, the statement made by one as against the other could not be used. If defendant was present when Sullivan made the statement implicating him, being under arrest, he was not bound by the statement, nor called upon to deny it, and, being subsequent to the arrest, it was not such an act, declaration, or confession by one coconspirator as could be used in evidence against the other as original testimony. McKenzie v. State, 32 Texas Crim. Rep., 568.

There is another question suggested that we deem unimportant, to wit, that, under the facts, the court should have charged the jury with reference to the law of accomplices, inasmuch as the testimony suggests that he was an accomplice, and not a principal. We do not agree with this contention. Appellant, under the facts, was clearly a principal. For the reasons indicated, the judgment is reversed, and the cause remanded.

*Reversed and remanded.*