HENRY OERTER V. STATE OF NEBRASKA.

FILED DECEMBER 8, 1898.   No. 10130.

1. Crimes: ACCESSORIES: STATUTES. The effect of section 1 of the Criminal Code is to make the aiding, abetting, or procuring of another to commit a felony a substantive and independent crime.

2. ———: ———: INFORMATION. On an information charging one as principal with having committed a felony the prisoner cannot be convicted as an accessory.

3. Gaming: ACCESSORIES: INFORMATION. The prisoner was indicted for setting up and keeping gaming tables and gambling devices. The district court instructed the jury that if they found that he set up or kept the gaming tables and devices or "aided and abetted another so to do," they should find him guilty. *Held* erroneous.

ERROR to the district court for Douglas county. Tried below before SLABAUGH, J. *Reversed.*

*I. J. Dunn,* for plaintiff in error.

*C. J. Smyth, Attorney General,* and *Ed P. Smith, Deputy Attorney General,* for the state.

RAGAN, C.

In the district court of Douglas county Henry Oerter was convicted of the crime of having set up and kept

for gain certain gaming tables and gambling devices contrary to the provisions of section 215 of the Criminal Code. He brings the judgment pronounced upon that conviction here for review.

Of the errors assigned we notice only one. On the trial the district court instructed the jury: "The material allegations in the information which the state must prove beyond a reasonable doubt before you will be justified in returning a verdict against the defendant are that * * * the defendant Henry Oerter; either alone or knowingly aiding, assisting, or abetting another, did unlawfully and feloniously set up, or did unlawfully and feloniously keep, for the purpose of gain certain gaming tables and gambling devices named in the information. If you believe that the state has proved the above material allegations as above stated beyond a reasonable doubt, then, and in such case, you should find the defendant guilty of the crime charged." Section 1 of our Criminal Code provides that any person who shall aid, abet, or procure any other person to commit a felony shall, on conviction thereof, be punished in the same manner and to the same extent as the person who actually committed the felony could be punished. The effect of this legislation is to make the aiding, abetting, or procuring of another to commit a felony a substantive and independent crime. The plaintiff in error was not charged as an accessory before the fact, but as principal. He was not charged in the indictment with aiding and abetting another to set up or keep gaming tables or gambling devices, but with having committed that crime himself. By the instruction just quoted the court in effect told the jury that, if the evidence warranted, they might find the plaintiff in error guilty of aiding and abetting another to commit the crime for which the prisoner stood indicted. This was error. The prisoner was indicted for one crime. He could not be lawfully convicted of another and different crime for which he was not indicted. (*Hill v. State*, 42 Neb. 503; *Dixon v. State*,

46 Neb. 298; *Walrath v. State,* 8 Neb. 80; *Noland v. State,* 19 O. 131.)   The judgment of the district court is

REVERSED.