## ANDREW McDONALD v. THE STATE.

### No. 2989.   Decided March 23, 1904.

**Charge of the Court—Principals.**

In order to constitute one a principal, he must be actually, bodily present when the offense is committed, and a charge which instructs the jury that all persons are principals who are guilty of acting together in the commis-sion of an offense, etc., whether all were present or not, is error.

Appeal from the District Court of Dallas. Tried below before Hon. E. B. Muse.

Appeal from a conviction of murder in the first degree; penalty, death.

No statement necessary.

*Bryant, Meng & Harrison,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of murder in the first degree, and his punishment assessed at death.

Appellant objected to the following portion of the court's charge: "All persons are principals, who are guilty of acting together in the commission of an offense. When an offense has been actually committed by one or more persons, the true criterion for determining who are principals is, did the parties act together in the commission of the offense; was the act done in pursuance of a common intent and in pur-suance of a previously formed design in which the minds of all united and concurred? If so, then the law is that all are alike guilty, provided the offense was actually committed during the existence and in the exe-cution of the common design and intent of all, whether in point of fact all were actually bodily present on the ground when the offense was actually committed or not." This charge is erroneous. In order to con-stitute one a principal he must be actually bodily present when the offense is committed. Appellant's defense was, and his testimony tended to show an alabi; and in this charge the court tells the jury defendant would be a principal whether he was actually present or not. For a dis-

cussion of this matter see the following authorities: McIver v. State, 37 S. W. Rep., 745; Dawson v. State, 38 Texas Crim. Rep., 50; Yates v. State, 42 S. W. Rep., 296; Bell v. State, 39 Texas Crim. Rep., 677; Wright v. State, 40 Texas Crim. Rep., 45; Bennett v. State, 43 Texas Crim. Rep., 241; Faulkner v. State, 43 Texas Crim. Rep., 311; McAlester v. State, 76 S. W. Rep., 760.

For the error discussed the judgment is reversed and the cause remanded.

*Reversed and remanded.*