CUMBY BARNETT, ALIAS C. B. DOBSON, V. THE STATE.

No. 2754.     Decided May 4, 1904.

**1.—Principals—Charge of the Court.**

A charge defining the law of principals which instructed the jury among other matters that it was not necessary that all persons acting together in the commission of an offense should be actually bodily present when the offense was committed to make them principals, was erroneous and has been repeatedly condemned. Following: McCallister v. State, 8 Texas Crim. App., 559; Cryner v. State, 41 Texas Crim. Rep., 290; Smith v. State, 21 Texas Crim. App., 108.

**2.—Same—Accomplice.**

It is a well known rule of law that a party can not be convicted under an indictment charging him as principal, when the facts show that he is an accomplice.

**3.—Same—Standing Watch.**

Where the evidence does not show that defendant was standing watch or aiding in other acts evidencing a continuous co-operation and interest in the theft, he can not be convicted as a principal.

**4.—Evidence—Coconspirators.**

Where the evidence shows a conspiracy between defendant and others, there was no error in admitting in evidence the acts and declarations of his coconspirators.

Appeal from the District Court of Bowie. Tried below before Hon. P. A. Turner.

Appeal from a conviction of theft; penalty, seven years confinement in the penitentiary.

The indictment charged defendant with the theft of two twenty-dollar bills and one ten-dollar bill, properly describing same and alleging value, from M. W. Taylor, the owner, etc., in the usual form.

The opinion states the substance of the testimony as applicable to the points at issue.

*Hart & Mayhaffy,* for appellant.—On question of admitting declarations of party injured and others: Maines v. State, 23 Texas Crim. App., 568.

The court erred in its charge, in charging the law of principal, as defined in the charge given by the court on the law of principal. This charge has been repeatedly condemned by this court, and we call the lower court's attention to appellant's motion for a new trial herein. Criner v. State, 21 Texas Crim. App., 107; and authorities there cited; Smith v. State, 21 Texas Crim. App., 107; 38 Texas Crim. Rep., 50; McAlister v. State, 8 Texas Ct. Rep., 559.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of theft, and his punishment assessed at seven years confinement in the penitentiary. The evidence adduced shows, substantially, that prosecutor Taylor went to Texarkana seeking work; there he met a man, whose name is not dis-

closed. The unknown man invited Taylor to go with him to certain rail-road officials to seek work. The unknown man had 'some kind of cards. They met defendant after going some distance, and the unknown man showed defendant the cards; and after some colloquy between them, in the presence of prosecutor Taylor, defendant and the unknown man made a bet on some sort of trick with the cards. The money on said bet was deposited with prosecutor Taylor. Thereupon defendant exclaimed that he would have prosecutor arrested for violating the law; defendant went away, and about this juncture a party falsely representing an officer arrested the unknown man and prosecutor. Prosecutor and the unknown man, after some entreaty with the man acting the role of an officer, agreed to turn the $50 prosecutor had, over to the officer upon certain false and deceitful promises on the part of the officer, which are here unnecessary to detail. At the time this money was turned over to the supposed officer, defendant was not present at all, the theory of the State being that he was a particeps criminis to the theft by fraudulent devices, and being such that he could be successfully prosecuted as a principal to said offense regardless of whether he was present at the time the money was turned over by the prosecuting witness.

Among other charges given by the court, appellant complains of the following: "All persons are principals who are guilty of acting to-gether in the commission of an offense. When an offense has been actually committed by one or more persons, the true criterion for de-termining who are principals is, did the parties act together in the commission of the offense; was the act done in pursuance of a common intent and in pursuance of a previously formed design, in which the minds of all united and concurred? If so, then the law. is, that all are alike guilty, provided the offense was actually committed during the existence and in the execution of the common design and intent of all, whether in point of fact all were actually bodily present on the ground when the offense was actually committed, or not." This charge is erroneous, and has been repeatedly condemned by this court. See Criner v. State, 41 Texas Crim. Rep., 290; Smith v. State, 21 Texas Crim. App., 108; McAlister v. State, 8 Texas Ct. Rep., 559; and for collation of numerous authorities, see McDonald v. State, 79 S. W. Rep., 542. It is a well known rule of law that a party can not be convicted under an indictment charging him as principal, when the facts show he is an accomplice. If the evidence in this case had shown that defendant was standing watch or aiding in other acts evidencing a continuous co-operation and interest in the theft, he might have been charged and convicted as a principal. But where his act is consum-mated, as the evidence here shows, then he must be prosecuted, if at all, for accomplice to theft.

Appellant complains that the court permitted prosecuting witness Taylor to detail the conversations had with the unknown man spoken of above when defendant was not present, which conversation took place

just prior to meeting defendant. This character of testimony is admissible where the State relies upon a conspiracy either to murder, rob or steal, or any other offense. For a discussion of the matter see Hudson v. State, 43 Texas Crim. Rep., 420.

In view of the disposition made of this case, we do not deem it necessary to pass on the other errors assigned. For the error discussed. the judgment is reversed and the cause remanded.

*Reversed and remanded.*