### MACK EDDENS v. THE STATE.

#### No. 3168. Decided January 18, 1905.

**1.—Hog-Theft—Accomplice Testimony—Charge of Court.**

Where the State's testimony depended largely upon the testimony of two accomplices, and the court charged that the same must be corroborated, but failed to charge the jury that one accomplice could not corroborate another, there was reversible error.

**2.—Same—Principals—Charge of Court.**

A charge which instructs the jury that defendant could be convicted as a principal, although not actually present when the offence was committed, without further charging that defendant must have done some act at the time of the commission of the offense in furtherance thereof, such as keeping watch, was error.

Appeal from the District Court of Houston. Tried below before Hon. John J. Wood.

Appeal from a conviction of theft of a hog; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*J. A. Ragland* and *Adams & Adams,* for appellant.—On proposition of accomplice testimony: Hart v. State, 11 Texas Ct. Rep., 190. On proposition of principals: McDonald v. State, 10 Texas Ct. Rep., 172; Barnett v. State, 10 Texas Ct. Rep., 560; Bowen v. State, 11 Texas Ct. Rep., 156.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of hog-theft, and his punishment assessed at two years confinement in the penitentiary. The State's case depended largely upon the testimony of Ike Howard and John Mitchell, who were accomplices. The court instructed that said parties were accomplices, and that their testimony would have to be corroborated before conviction could be had thereon. Appellant excepted to this charge for the reason that it failed to instruct the jury that one accomplice could not corroborate another. This latter proposition is a well known rule of law, and such a charge should have been given to the jury.

Appellant also complains of the charge of the court, wherein it in-

structs the jury that appellant could be convicted as a principal, though not actually present when the offense was committed. This is incorrect. Unless appellant was doing some act at the time of the commission of the offense in furtherance thereof, such as keeping watch, he could not be a principal to the offense, unless he was present.

For the reasons indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*