### GROVER HOLMES v. THE STATE.

#### No. 3536. Decided February 14, 1906.

**Burglary—Private Residence—Accomplice—Principal—Charge of Court.**

Upon a trial for burglary where the evidence showed that the defendant was an accomplice and not present at the time of the burglary, it was error to charge the jury that defendant would be a principal to the offense if he agreed to commit the offense, etc., although not present. Following Barnett v. State, 10 Texas Ct. Rep., 560; McDonald v. State, id., 172.

Appeal from the District Court of Caldwell. Tried below before Hon. L. W. Moore.

Appeal from a conviction for burglary of private residence; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

No brief for appellant has reached the hands of the Reporter.

*Howard Martin*, Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of the burglary of a private residence, at night, and his punishment fixed at five years confinement in the penitentiary. The evidence for the State shows that appellant acted as an accomplice to his brother in committing the offense. The evidence also shows that appellant was not present at the place or house where the offense was committed by his brother. Appellant complains of the following portion of the court's charge: "If you believe from the evidence beyond a reasonable doubt that defendant and another, to wit: Bill Holmes, did agree to enter the private residence of E. H. Gillis for the purpose of committing theft, and if you further believe beyond a reasonable doubt from the evidence that Bill Holmes did commit the actual burglary of said house, in the night-time, if there was burglary committed, and you further believe that this defendant did aid him in so doing, in pursuance of an agreement and common purpose, though he was not present at the immediate place at the time of the commission of said offense, if any, and if you further believe that said entry was committed in such manner as to constitute burglary and that the same was entered for the purpose of committing theft, as before

defined, you will convict him and assess his punishment at confinement in the penitentiary not less than five years." The ground of complaint is that the court tells the jury that appellant would be a principal to the offense although not present. Appellant requested appropriate instructions upon the law of principals, which was refused. This charge has been repeatedly condemned. The following authorities contain a collation of many of the decisions: Barnett v. State, 10 Texas Ct. Rep., 560; McDonald v. State, 10 Texas Ct. Rep., 172. In felony cases in order to constitute one a principal he must be present or doing some act at the time in furtherance of and in assistance to the principal. The facts herein do not show such, but indicate that he advised his brother to commit the burglary, and was at another and different place at the time of its commission. This would merely constitute him an accomplice. For the error discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*