## ELI FRUGER v. THE STATE.

No. 3829.   Decided February 6, 1907.

**1.—Felony—Theft—Charge of Court—Principal.**

Upon trial for felony theft it was error to charge that parties who were not actually present on the ground when the offense was committed were principals if they acted together, etc.

**2.—Same—Charge of Court—Accomplice Testimony.**

Where upon trial for theft the charge of the court in regard to accomplice testimony was practically the same as that which has been held vicious by this court, the same constitutes reversible error.

Appeal from the District Court of Liberty. Tried below before the Hon. L. B. Hightower.

Appeal from a conviction of theft of property over the value of $50; penalty, two years imprisonment in the penitentiary.

In applying the law on accomplice testimony, the court charged: "Now the court charges you that Buck Marcantle according to his own testimony was an accomplice, and will be so considered by the jury, and you are instructed that you cannot find the defendant guilty upon his testimony unless you are satisfied that the same has been corroborated by other evidence tending to establish that the defendant did in fact commit the offense."

*Stevens & Pickett, H. B. Tucker* and *E. T. Branch,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of theft of property over the value of $50, his punishment being assessed at two years confinement in the penitentiary.

If upon another trial motion for change of venue is urged, and the testimony is in substance with that contained in the bill of exceptions in this record, we are of opinion the motion should be granted.

The charge of the court is criticised in several respects. The charges with reference to principals and the testimony of the accomplices are fatal, and require a reversal. With reference to principals, among other things, the court charged the jury: "* * * When an offense has been actually committed by one or more persons, the true criterion for determining who are principals is, did the parties act together in the commission of the offense; was the act done in pursuance of a common intent and in pursuance of a previously formed design in which the minds of all united and concurred. If so, then the law is that all are alike guilty, provided the offense was actually committed during the existence and in the execution of the common design and intent of all, whether in point of fact all were actually, bodily present on the ground when the offense was actually committed, or not." This charge has been condemned in quite a number of cases. See McDonald v. State, 46 Texas Crim. Rep., 4; Holmes v. State, 15 Texas Ct. Rep., 884; Eddens v. State, 84 S. W. Rep., 828, and Barnett v. State, 10 Texas Ct. Rep., 560. In this connection it may be stated that appellant's defense was an alibi.

The charge in regard to accomplice's testimony is practically the same charge as that held vicious by this court in the following cases: Bell v. State, 39 Texas Crim. Rep., 677; Jones v. State, 44 Texas Crim. Rep., 557; Garlas v. State, 88 S. W. Rep., 345; Hart v. State, 11 Texas Ct. Rep., 190; Crenshaw v. State, 12 Texas Ct. Rep., 758; Washington v. State, 11 Texas Ct. Rep., 1028; Barton v. State, 14 Texas Ct. Rep., 855; Oats v. State, 16 Texas Ct. Rep., 493; Dixon v. State, 15 Texas Ct. Rep., 26; Morawitz v. State, 15 Texas Ct. Rep., 880; Reagan v. State, 16 Texas Ct. Rep., 239; and Oats v. State, 12 Texas Ct. Rep., 924.

There are some exceptions reserved to the ruling of the court permitting certain jurors to remain upon the jury. While under the authorities we believe these jurors should not have been permitted to remain upon the jury, we refrain from entering into a discussion because the matter will not perhaps occur again in the same manner, and it is not necessary to a decision of this case. The evidence in regard to the value may be more definite upon another trial. For the errors indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*