JOSEPH SKIDMORE V. STATE OF NEBRASKA.

FILED FEBRUARY 20, 1908. NO. 15,238.

1. Criminal Law: VARIANCE. A party charged as a principal cannot be convicted upon evidence tending only to show that he was an accessory.

2. ———: ACCESSORY. One who advises others to commit larceny, but who is several miles distant at the time of the commission of the offense, and who takes no part therein, but assists in the disposal of the proceeds after the theft has been fully committed, is not a principal, but an accessory.

ERROR to the district court for Holt county: WILLIAM H. WESTOVER, JUDGE. Reversed.

R. R. Dickson, for plaintiff in error.

W. T. Thompson, Attorney General, and Grant G. Martin, contra.

LETTON, J.

The defendant, Joseph Skidmore, was charged with stealing nine hogs on the 25th day of February, 1907, the property of one John Ferguson. Upon trial he was found guilty and sentenced to the penitentiary.

Ferguson resided in Iowa, but owned a ranch in Holt county, about twelve miles from the village of Atkinson. He employed a young man named Kimball to occupy the ranch and take care of the property. The evidence of the state, which was evidently believed by the jury, is about as follows: The defendant, Skidmore, had been employed by Ferguson upon the ranch in the same capacity as Kimball until December, 1906, the time that Kimball took

charge.  On the day the property was stolen Kimball went
to Atkinson, attended a show there, and remained over
night.  On several occasions before the night of the offense
Skidmore had talked with three young men named Weller,
Purnell and McShane, suggesting the theft of the hogs
from the Ferguson ranch.  On the day before the night
that the hogs were taken he told Weller that Kimball was
in town at the show, and that he, Skidmore, would procure
a wagon from one Kazada and a team with which they
could get the hogs that night.  He made arrangements
with McShane for the use of his team, and between 8 and
10 o'clock that night McShane, Weller and Purnell, using
McShane's team and Kazada's wagon, left Atkinson for
the Ferguson ranch.  They went to the ranch, loaded nine
hogs, and brought them to Atkinson, reaching there just
before daylight.  Purnell went to Skidmore's house to
notify him of their arrival.  Skidmore then joined them
and went with them to the stock-yards of one Dibble, a
butcher and stock buyer, where Skidmore helped to unload
the hogs.  Dibble some time during that day paid Skidmore
for the hogs, and Skidmore paid Weller and McShane
$16 each as their share of the proceeds.  The defense is
that the hogs were procured through Skidmore's agency in
the manner detailed for the benefit of Kimball, who re-
ceived a part of the money for them, and that Skidmore
was merely his innocent agent in the matter.  Kimball
had sold some hogs without authority before this.  The
jury evidently believed that the defendant planned the
theft and took part in it, and there is sufficient evidence
to uphold the verdict if the proper crime had been charged.

The court instructed the jury, in substance, that, if the
defendant requested, instigated and procured the three
men to steal the hogs, and that pursuant to such procure-
ment they took the hogs, brought them to Atkinson, and
that they were there sold by defendant with the felonious
intent to steal the hogs and deprive the owner of his
property, then the defendant would be guilty as charged.
In many states the old common law distinction between

principals and accessories before the fact has been abolished by statute. This seems to be a step in the general direction of reform by simplifying the law and abolishing technicalities; but the legislature of this state has seen fit to abide by the ancient and technical distinctions. Mr. Wharton says: "The obstructions of justice caused by these subtleties have long been deplored." 1 Wharton, Criminal Law (10th ed.), 205. In this state aiding or abetting or procuring another to commit a felony is a substantive and independent crime. Criminal code, sec. 1; *Ocrter v. State,* 57 Neb. 135; *Casey v. State,* 49 Neb. 403; *Dixon v. State,* 46 Neb. 298; *Lamb v. State,* 69 Neb. 212. Since a person cannot lawfully be convicted of a crime other than that with which he is charged, it is clear that, if from the facts related Skidmore was an accessory before the fact, he could not lawfully be convicted of the larceny itself. Unless the defendant was actually or constructively present at the time of the commission of the offense, he could not be held as principal, but, if he aided, abetted or procured the commission of the crime, he could properly be convicted as an accessory. Since he was not actually present, the question arises: Was he constructively present? "A person is constructively present, and therefore guilty as a principal, if he is acting with the person who actually commits the deed in pursuance of a common design, and is aiding his associate, either by keeping watch or otherwise, or is so situated as to be able to aid him, with a view, known to the other, to insure success in the accomplishment of the common enterprise." Clark and Marshall, Law of Crimes (2d ed.), sec. 173. *Breese v. State,* 12 Ohio St. 146. "But persons not actually assisting are not principals at common law. * * * And, although an act be committed in pursuance of a previous concerted plan between the parties, those who are not present, or so near as to be able to afford aid and assistance at the time when the offense is committed, are not principals in cases where the felony is immediately executed by responsible agents, but are accessories before the fact." 1

Wharton, Criminal Law (10th ed.), sec. 219. In order to be a principal, therefore, it is essential that the party charged, where the act is committed by confederates, take some part in the execution of the plan. *State v. Valwell*, 66 Vt. 528, 29 Atl. 1018. In most of the cases cited by the state where a conviction as principal was upheld, the defendant had in some way taken part in the execution of the common design at or about the time of the commission of the felony. The case of *Scales v. State*, 7 Tex. App. 361, cited by the state, has virtually been overruled in the later Texas cases, which are now in harmony with the general rule. In *Holmes v. State*, 49 Tex. Cr. Rep. 348, 91 S. W. 588, the rule is stated thus: "In felony cases in order to constitute one a principal he must be present or doing some act at the time in furtherance of and in assistance to the principal." *Barnett v. State*, 46 Tex. Cr. Rep. 458, 80 S. W. 1013; *McDonald v. State*, 46 Tex. Cr. Rep. 4, 79 S. W. 542.

In *Lamb v. State, supra*, the facts were that Hill and Stewart stole cattle and drove them to a railroad stockyard at Lamb's instigation and procurement. Lamb, soon after, brought some of his own cattle to the stock-yard, mingled them with the stolen cattle, shipped and sold the whole number and appropriated the proceeds. It was contended that the refusal of the court to tell the jury that defendant could not be convicted if he was a principal in the second degree was error, but the court said · "The refusal of the court to tell the jury that defendant could not be convicted if he was a principal in the second degree was not error. There is, in our opinion, no evidence tending to prove that Lamb was present when the cattle were stolen, or that he was near enough to give aid or encouragement in the perpetration of the crime." The court also said: "The law of the case is very plain. If the cattle were stolen as alleged, and if Lamb was an accessory before the fact, that is, if by his command, request, advice or suggestion the crime was committed when he was neither actually nor constructively present, he was an

aider, abetter or procurer within the meaning of the statute above quoted." The facts in this case are very similar. The three young men stole the hogs and took them to a place where the defendant sold them. The defendant was not with them at the time they started on the trip, nor until after the theft had been accomplished. He was never nearer the scene than Atkinson. He took no part in enticing Kimball away or keeping watch of him, or in anything connected with the doing of the act itself. The crime was fully committed before he saw the hogs. What he did was to aid, abet and procure the others to steal the hogs. He was neither actually nor constructively present. The instruction was therefore erroneous.

He was indicted for one crime and convicted of another. This cannot lawfully be done. *Hill v. State*, 42 Neb. 503; *Dixon v. State, supra.*

The judgment of the district court is

REVERSED.