FIDEL VILLAREAL v. THE STATE.

No. 8080.   Delivered February 11, 1925.

Rehearing denied Oct. 7, 1925.

**1.—Burglary—Confession of Accused—Exculpatory Statements—Practice.**

Where a written confession of the accused is offered in evidence, the fact that it contains exculpatory statements, does not render it inadmissible. Where a confession contains such exculpatory statements the trial court should instruct the jury that the state would be bound by the exculpatory part of such confession, unless its falsity was shown by other evidence, as was done in the instant case.

**2.—Same—Charge of Court—On Principals—Properly Submitted.**

Where on a trial for burglary the evidence discloses that appellant was with the other parties indicted, on the night of the alleged burglary, and was found in possession of a part of the stolen property on the next day following, authorized the submission of the case on the law of principals, as was given in this case.

3.—Same—Charge of Court—Requested Charge—Properly Refused.

Where on a trial for burglary, the appellant requested a special charge to the effect that the jury could not convict appellant for receiving and concealing the stolen property was properly refused, such issue not being raised by the evidence.

4.—Same—Requested Charge—Covered by Main Charge—Properly Refused.

Where a special charge is requested, and the issue presented in same is fully presented in the main charge of the court, the special charge should not be given. The court in the instant case fairly presented in the main charge that the mere presence of appellant at the scene of the burglary, without some participation in its commission, would not authorize his conviction.

5.—Same—Argument of Counsel—Held Not Improper.

Where state counsel stated in his argument, in reply to the argument of counsel for appellant, that if appellant thought' so much of his wife and children he ought not to have been running around with another woman, as was demonstrated by the testimony. The evidence in the case fully authorized and supported this statement.

ON REHEARING.

6.—Same—Charge of Court—Principals—Properly Submitted.

There is a broad distinction between the different elements which will constitute one a principal under our statutes. The point urged by appellant in his motion for rehearing is illustrated in the case of Clark v. State, 60 Tex. Crim. Rep., and other cases cited. In those cases the law of principals was charged, where the issue was the guilt of appellants, *whether or not in fact all were actually, bodily present when the offense was committed.*

7 —Same—Continued.

In those cases, having so charged, it was held error for the court to refuse to charge, that the accused, being indicted as a principal only could not be convicted under the indictment charging him with being principals, of being an accomplice or accessory in the crime, or the receiver of stolen property, as the case might be.

8.—Same—Continued.

In the instant case, however, the charge on principals was entirely different from that given in the cases referred to. The issue in the instant case was the law of principals, applicable to a person actually present, who aids by acts or encourages by words or gestures those engaged in the unlawful act, making him in law a principal offender. It follows, that in our opinion the refusal of the requested charges does not call for a reversal of the judgment. Distinguishing Clark v. State, 60 Tex. Crim. Rep. 173 and other cases cited.

Appeal from the District Court of Hays County. Tried below before the Hon. M. C. Jeffrey, Judge.

Appeal from a conviction of burglary; penalty, two years in the state penitentiary.

The opinion states the case.

*Joe H. H. Graham,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant
State's Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the district
court of Hays county of the offense of burglary, and his punish-
ment fixed at two years in the penitentiary.

The store burglarized was located at Uhland, a little town some
twelve miles from San Marcos, the county seat of Hays county. That
a burglary was committed and a quantity of clothing, shoes, waists
and dress·goods material were taken, is not disputed. A clerk in
said store testified that he saw a man in the store the afternoon before
the night of the burglary just like appellant. It was in testimony
that when the burglary was discovered in the morning after same
was committed, there were tracks of two men going side by side out
to a point where a car had stopped. This car was tracked to where
it entered the highway going in the direction of San Marcos. The
party doing the tracking said he found another track beside the two
mentioned which looked as though it was walking along on the side
of the road down which the car went. The imprint of this track
was not quite as plain as the others. A woman named Garcia tes-
tified that appellant came to her house with a sack containing three
Georgette waists, one pair of shoes, one suit of men's clothes and
two pieces of goods. She said appellant stated that he wanted to
leave the clothes in the house. This witness also stated that the day
before appellant brought these articles to her house she saw him
and her brother Sebastian Machado in an old Ford car. Officers
testified that after the burglary they found in Machado's house
a part of the goods that were taken out of the burglarized store and
which were afterwards identified by the proprietor. These goods
were found in Machado's house a few days after the burglary. The
officers also found at the home of the Garcia woman several ladies
waists and some dress goods and one suit of clothes. A written
statement made by appellant after he was arrested and duly warned,
which was signed by him in the presence of witnesses, was intro-
duced in evidence by the State. In it was an admission that on the
night in question he went in a Ford car with Machado and the hus-
band of the Garcia woman up to a point at the foot of a hill not far
from Uhland. He claimed that at this point he declined to go any
farther and that Garcia and Machado got out of the car and left.
He said that all three had started to Uhland to take part in a
gambling game there. He further claimed that after the men left
him he lay down in the car and went to sleep and that they came
later, waked him and that they had a sack which they claimed to
contain things they had won in the gambling mentioned. He said
they gave him some of the articles and that he took them to San
Marcos and gave them to a woman at the house of one Gonzoles.

We perceive no error in admitting in evidence the written statement of appellant. The fact that there were exculpatory matters stated therein, and that the whole confession was put in evidence by the State, would not render it inadmissible. The court below gave a special charge telling the jury that the State would be bound by the exculpatory part of said confession, unless its falsity was shown by other evidence.

There is a bill complaining of the refusal of a peremptory charge which we think presents no error. Nor do we perceive any error shown in the exceptions taken to the court's charge.

The evidence showing that appellant was with the other parties on the night of the alleged burglary and that he turned up the next day with a part of the stolen property in his possession, would seem to justify the submission of the case to the jury on the law of principals. Several of the exceptions taken to the charge evidently resulted in changes therein. The court gave a special charge requested by the appellant, on circumstantial evidence.

Bill of exceptions No. 4 is leveled at the charge for failure to submit an affirmative presentation of defendant's theory of the case, and also to the court's refusal of a special charge referring to the written statement made by appellant, and in which the jury were told that though they might believe from said statement that appellant received and disposed of all or of part of the property taken from the burglarized premises, they could not convict him upon this testimony for receiving and concealing stolen property; that they must believe him guilty of burglary as defined. We think there was no likelihood of the jury convicting appellant of receiving and concealing stolen property, and unless this was true there was no need of giving the special charge.

Bill of exceptions No. 5 sets out the written statement of appellant offered in evidence by the State and complains of the refusal of a special charge to the effect that the mere presence of appellant at the time and place of the burglary would not make him a principal, nor would mere knowledge, and that he could not be convicted unless the jury believed beyond a reasonable doubt that he did some act in furtherance of the common design. In the written charge given by the court below the jury were told that in order to convict, they must not only believe appellant was present and knew the unlawful intent, but also that he aided by acts or encouraged by words, etc. We think this a sufficient presentation of the law on this point.

The sixth bill shows that appellant had his wife and children present at the trial, and that his counsel appealed to the jury not to take him away from them by their verdict. In replying to this it is set out that State's attorney told the jury that if appellant thought so much of his wife and children he ought not to have been

running around with another woman and acting toward her as was demonstrated by the testimony. We do not think this objectionable argument. It was shown by the testimony that appellant came from San Antonio to San Marcos in a car with another man and two women; that appellant had a sister living in San Marcos, that he did not take the women to her house, but took them to the house of a man named Gonzales; also upon his return to San Marcos from the Uhland community on the night of the alleged burglary, he went to the house of Gonzales where said two women were and spent the night; also that he gave to one of the women part of the goods which apparently came out of the alleged burglarized store. We think such conduct justified the reply made by the State's attorney to the argument of appellant.

There is a bill of exceptions to the refusal of the motion for new trial, but as no issue of misconduct, or newly discovered evidence, or any other calling for the presentation of evidence other than that heard on the main trial, was made,—the bill of exceptions to the overruling of said motion presents nothing for our consideration.

Finding no error in the record, the judgment will be affirmed.

HAWKINS, JUDGE.—We have again examined into the legal propositions presented in appellant's motion for rehearing and the able oral argument of his counsel in support thereof, and have also reviewed the evidence, having in mind the points thus urged.

It is insisted that our original opinion was erroneous in the disposition made of the questions raised by bills of exception four and five relating to the charge given and special charges refused. The point urged by appellant is illustrated by the opinions in Clark v. State, 60 Texas Crim. Rep. 173, 131 S. W. Rep., 556; Steed v. State, 43 Texas Crim. Rep. 567, 67 S. W. Rep. 328; Davis v. State, 55 Texas Crim. Rep. 495, 117 S. W. Rep. 159; Armstead v. State, 48 Texas Crim. Rep. 304, 87 S. W. Rep. 824; Silvas v. State, 159 S. W. Rep. 223; La Fell v. State, 69 Texas Crim. Rep. 307, 153 S. W. Rep. 884. An examination of these authorties reveals that all of them are cases depending upon circumstantial evidence where the testimony raised the issue whether the accused was present when the offense was committed. In each case the trial court told the jury in substance that if the offense was actually committed during the existence and in the execution of a common design and intent of all, then all would be guilty as principals *whether or not in fact all were actually, bodily present when the offense was committed.* Having given this charge the court then refused to instruct the jury that accused, being indicted as a principal only, he could not be convicted under said indictment although the jury might find him to have been an accomplice or accessory in the crime, or the receiver of stolen property, as the case might be. The propriety of giving such

charge under the circumstances shown in the respective cases was questioned, and the refusal of the special charges was held erroneous. The present case is one in which the state relied for conviction upon circumstantial evidence, and also where the presence of appellant at the commission of the offense was questioned, but the charge on principals in this case was entirely different from that given in the cases referred to. The court here told the jury that all parties were principals who acted together in the commission of an offense, and that when an offense was actually committed by one person, *but another was present* and knowing the unlawful intent, aided by acts or encouraged by words or gestures, the one engaged in the commission of the unlawful act, such person so aiding or encouraging would also be a principal offender. In the next paragraph of the charge the jury was told if they entertained a reasonable doubt whether appellant broke and entered the house, to acquit him. We think the charge as given clearly informed the jury that before appellant could be convicted he must have been present and engaged in breaking and entering the house. It follows that in our opinion the refusal of the special requested charges does not call for a reversal of the judgment.

After again reviewing the fact we think the jury was warranted in concluding that the exculpatory statements contained in appellant's confession were not true.

The motion is overruled.

*Overruled.*