RICHARD ROBINSON V. THE STATE.

No. 21629. Delivered October 8, 1941.
Rehearing Denied November 26, 1941.

The opinion states the case.

*King C. Haynie,* of Houston, for appellant on appeal.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

This is a case of rape by force and threats, with the death penalty assessed.

In the light of the record, it would serve no useful purpose to set forth the facts in detail. Suffice it to say the testimony shows that appellant, a thirty-seven-year-old negro man, in the nighttime, forced his way into the bedroom of prosecutrix, a white woman, and, by force, threats and physical violence, ravished her. At the time, the husband of prosecutrix was away from home. He worked at night for a publishing company. He arrived home soon after the assault, when prosecutrix com-

municated to him what had happened. They went immediately to the police station, where the crime was reported; and, to the officer in charge, a description was given, by prosecutrix, of her assailant. From there prosecutrix was taken to a hospital, where she received medical treatment.

During this time, two policemen, patrolling the streets, seeing a negro man at such time of the night, and acting in such a manner as to arouse their curiosity, arrested him upon suspicion. This man was the appellant, and the point or place of arrest was about fourteen blocks from the scene of the crime. He was carried to police headquarters. The jailer, upon seeing appellant, made the remark that he answered the description that had been broadcast of a negro who had raped a white woman. Appellant was placed in jail. The prosecutrix was summoned. Appellant and four other negro men were lined against the wall of the jail. Prosecutrix, without hesitation, positively identified appellant from the group as her assailant. The arrest and identification of appellant was made and completed within two hours after the crime had been committed.

The next morning appellant made a written confesison, in which he admitted his guilt, and detailed the facts of the crime.

The confession complied with the statutory requirements, and no objection to its introduction was made.

Appellant did not testify as a witness in his own behalf, nor did he offer any affirmative defense.

The case is before this court upon one proposition alone, which is as follows:

Four days after the making of the confession above referred to, the appellant made another confession, which complied with all statutory requirements. No facts were adduced attacking the admissibility thereof, which confession is as follows:

"HOUSTON, TEXAS, *August 12, 1940 A. D., 19*_____

"I, *Richard Robinson*, after being duly warned by *George Andrew*, the person to whom this statement is made, FIRST, that I do not have to make any statement at all; SECOND, that any statement made by me must be voluntary on my part, and may be used in evidence against me on my trial or trials for the

offenses concerning which this statement is made, do hereby make the following voluntary statement.

"My name is *Richard Robinson.* I am *37* years of age. I reside at *2233 Troon Road, Houston, Texas,* in the rear. I work for Mrs. Roy Cravens at 2233 Troon Road, and get my mail at Route 4, Box 975.

"I have just been shown the statement I made to police officers when I was arrested. I have read same over and have been told by Mr. George Andrews that I could make any changes in it that I wanted to, but it is true and there is no changes I want to make. I have at this time drawn a sketch of the room where I raped the lady whom I have been told is Mrs. Lillian Eads, and have marked where the bed was, and where the dresser was, and where I got the purses from, and also where I entered the back screen door.

"This is free and voluntary, and no one has mistreated me in any way. I simply want to tell the truth about the whole matter.

"X     *RICHARD ROBINSON*

"WITNESSES

"*L. A. McCRACKEN*

"*H. S. STERLING*"

To this there was attached a diagram or sketch, consisting of a rough free-hand drawing of what purported to be a room, with location of furniture therein. There is nothing thereon indicating to what it refers or the room of whose house it purports to represent. There is nothing thereon to show that it in any way was a plot or diagram representing the room in which the alleged crime was committed. Witnesses to the confession testified that the diagram was attached thereto. To the introduction of this sketch or diagram appellant objected because it was not a part of the confession to which it was alleged to have been attached, but was separate and distinct from the confession, and because, being made while under arrest, it constituted such a confession on the part of appellant as to require the proper statutory warning to be given in order to render same admissible, and because, in order for it to be a part of the written confession, oral testimony was necessary to so show. In support of his centention, appellant

cites Overstreet v. State, 150 S. W. 630, 67 Tex. Cr. R. 565, and La Fell v. State, 153 S. W. 884, 69 Tex. Cr. R. 307, holding that a confession may not be aided or supplied by oral testimony.

To the applicability of this rule here we cannot agree. In the first instance, the proof, as well as the documents themselves, photostatic copies of which accompany the record, all show that the diagram was attached to and was as much a part of the confession as any part thereof.

Appellant's contention that the diagram was separate and distinct from the confession does not find support in the record. The diagram being a part of the confession, it was, therefore, admissible, as any other part thereof. But, if appellant's theory that the diagram was separate from the confession be accepted, then same does not constitute a confession on the part of appellant, because it contained no admission of guilt nor any fact inculpatory of appellant; nor did it tend to establish any disputed issue in the case. See: 18 Tex. Jur. 79. Appellant's objection was properly overruled.

The facts being sufficient not only to authorize the jury's conclusion of guilt but also the infliction of the supreme penalty, and no error appearing, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges ofthe Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

KRUEGER, Judge.

In his motion for rehearing appellant reiterates some of the same grounds which he urged for a reversal of the judgment on the original submission of this case.

We have again carefully reviewed the record in the light of the appellant's contention but see no reason for receding from the conclusions arrived at, as expressed in the original opinion.
The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.