### THOMAS COUCH v. THE STATE.

No. 502.    Decided March 16, 1910.

**Burglary—Evidence—Conspiracy—Coconspirator—Declarations of Codefendant.**

Upon trial for burglary it was reversible error to admit in evidence, against the defendant, the declarations of his codefendant which had been made in the presence of the defendant while both were under arrest, and after the offense had been committed, and after the defendant had been warned that any statement by him could be used against him; and defendant's silence under the circumstances precluded the admission of anything that was said in his presence. Following McKenzie v. State, 32 Texas Crim. Rep., 568, and other cases.

Appeal from the District Court of Eastland. Tried below before the Hon. Thomas L. Blanton.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Stubblefield & Patterson,* for appellant.—On question of admitting confessions of coconspirator: Roquemore v. State, 50 Texas Crim. Rep., 542, 99 S. W. Rep., 547; O'Quinn v. State, 55 Texas Crim. Rep., 18, 115 S. W. Rep., 39; Musgrave v. State, 28 Texas Crim. App., 57; Wiseman v. State, 33 Texas Crim. Rep., 383; Rains v. State, 33 Texas Crim. Rep., 294; Brown v. State, 55 Texas Crim. Rep., 572, 118 S. W. Rep., 139; Robertson v. State, 54 Texas Crim. Rep., 21, 111 S. W. Rep., 741; McKenzie v. State, 32 Texas Crim. Rep., 568.

*John A. Mobley,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—This conviction was for burglary, the punishment assessed being two years confinement in the penitentiary.

This is a companion case to Boyman v. State, decided at the present term. For a general statement of the case and some of the propositions involved in this appeal, reference is made to that case. We deem it unnecessary to notice them here as they were thoroughly considered in the other case.

However, there is one question which arose on the appeal in this case different in its application to this appellant from what it was to his codefendant Boyman, and is perpetuated by bill of exceptions as follows: "While the defendant was under arrest and in the custody of an officer, and after he had been warned by Mr. Sears that he did not have to make a statement, and that if he did make a statement the same could be used in evidence against him, the defendant was present in the courtroom, and his father was also present, and the father of George Boyman, one of the defendants, came into the room, and in the presence of the defendant, George Boyman, acknowledged to having the goods, and there they were; Boyman said that a part of the goods were at home in his, Boyman's, trunk. Boyman then gave to his father a key, which he said was the key to his trunk, and told his father it was the key to his trunk, and that a part of the stolen goods were in his trunk. All of this occurred in the presence and hearing of the defendant, Tom Couch. I was notified the next morning that a sack of the alleged stolen goods were in my office. Boyman's first statement was that a part of the stolen goods were hid a half mile from his father's house. On cross-examination by the defendant the said witness further states: That the above statements were not made in an examining trial." This evidence was introduced through the witness W. V. Garrett. To the introduction of this testimony appellant urged the following exceptions: "The acts and declarations of George Boyman, subsequent to the commission of the offense, with which the defendant was charged, could not be introduced in evidence against the defendant, and because the said evidence was hearsay as to this defendant, because the defendant and George Boyman were both under arrest, and they had not been warned, as required by law, and by the persons to whom the confession was made, and the said confession was not in writing, and it was not shown that the said statement was thereafter found to be true, and it was not shown that any of the stolen goods were thereafter found in the trunk of the said George Boyman, and the said statements were not thereafter found to be true, and it being shown that the defendant was under arrest there was nothing to except the said testimony from the general rule that statements made while under arrest are not admissible against a defendant, and it was not thereafter found that the goods were hid out half mile from the house of George Boyman's father's house." These objections were all over-

ruled, and the testimony admitted subject to the qualification set out to a previous bill. It is unnecessary to discuss the qualification set out in the previous bill as we understand this bill. The matter set out, however, in the previous bill was discussed in the case of Boyman v. State, supra. This bill states, in substance, that appellant and Boyman were under arrest; that a general warning was given; that this testimony was not reduced to writing; that all the talking, acts and declarations were made and performed by Boyman, and not appellant; that appellant remained silent. We are of opinion that the acts and declarations of Boyman were not admissible under the circumstances against appellant. The offense had been completed some time previous to the occasion when the parties were under arrest and the warning given. There are two reasons why this testimony was not admissible: First, it was the act and declaration of an alleged coconspirator after the completion of the offense, and although made in the presence of a coconspirator, were made under circumstances that could not be used against the silent conspirator. McKenzie v. State, 32 Texas Crim. Rep., 568, at page 578; Gardner v. State, 34 S. W. Rep., 945; Wright v. State, 37 Texas Crim. Rep., 627, at page 634; Guinn v. State, 39 Texas Crim. Rep., 257; Pryor v. State, 40 Texas Crim. Rep., 643; Denton v. State, 42 Texas Crim. Rep., 427; Weaver v. State, 43 Texas Crim. Rep., 340; Rogers v. State, 44 Texas Crim. Rep., 350; Funderburk v. State, 2 Texas Ct. Rep., 68; Simmons v. State, 50 Texas Crim. Rep., 527.

The second reason why this testimony was inadmissible was that appellant being under arrest and having been warned that any statement that he might make could be used against him, remained silent. His silence, under the circumstances, precluded the admission of anything that was said in his presence. He took heed to the warning and caution and remained silent. Same authorities, supra.

In the case of McKenzie v. State, supra, Judge Hurt, delivering the opinion of the court reviewing these questions, said: "As to the prisoner's liability to be affected by the confessions of others, it may be remarked, in general, that the principle of the law in civil and criminal cases is the same. In civil cases, as we have already seen, when once the fact of agency or partnership is established, every act and declaration of one, in furtherance of the common business, and until its completion, is deemed the act of all. And so in cases of conspiracy, riot, or other crime perpetrated by several persons, when once the conspiracy or combination is established, the act or declaration of one conspirator or accomplice, in the prosecution of the enterprise, is considered the act of all and is evidence against all. Each is deemed to assent to or commend what is done by any other in furtherance of the common object. Thus, in an indictment against the owner of a ship for violation of the statutes against the slave trade, testimony of the declaration of the master, being part of the res gestae, connected with acts in furtherance of the voyage, and within the

scope of his authority as an agent of the owner in the conduct of the guilty enterprise, is admissible against the owner. But after the common enterprise is at an end, whether by accomplishment or abandonment is not material, no one is permitted, by any subsequent act or declaration of his own, to affect the others. His confession, therefore, subsequently made, even though by the plea of guilty, is not admissible in evidence as such against any but himself. If it were made in the presence of another, and addressed to him, it might, in certain circumstances, be receivable, on the ground of assent or implied admission. In fine, the declarations of a conspirator or accomplice are receivable against his fellows only when they are either in themselves acts, or accompany and explain acts for which the others are responsible; but not when they are in the nature of narratives, descriptions or subsequent confessions."

"If it ever existed the conspiracy was at an end, though the cattle were taken to Rocking Chair pasture. The members had been arrested and Harding had forfeited his bond, and was in the Nation, doing nothing whatever in aid of the common design.

"What a conspirator does or says may be evidence against his co-conspirator, and it may not. This is the case, though the conspiracy may not be at an end. If ended by accomplishment or abandonment, and if the abandonment be voluntary or compelled, the acts and declarations of a conspirator are not evidence against any person but himself. Though the object of the conspiracy be not ended (accomplished), the acts and declarations of a co-conspirator are not evidence against another co-conspirator, unless they are in furtherance of the common design."

This case has been followed wherever the subject has been under discussion in this court since its rendition.

In Gardner's case, supra, this language is found: "Were these facts, and especially the silence of appellant, competent evidence? They were not. In Com. v. McDermott, 123 Mass., 440, it is held: 'A person who is held in custody on a charge of crime is not called upon to contradict statements prejudicial to him, made in his presence by another person in answer to inquiries made by an officer; and such statements, though not contradicted by him, are not admissible in evidence against him.' This case cites Com. v. Kenney, 12 Metc. (Mass.), 235; Com. v. Walker, 13 Allen, 570. To give silence the effect of an admission, the party charged with it must have been in a position to explain. If the party is under arrest, his silence can not be used as sustaining the hypothesis of acquiescence thereto. See Whart. Cr. Ev., 680; U. S. v. Brown, 4 Cranch, C. C., 508; Fed. Cas. No. 14,660; Bob v. State, 32 Ala., 560; Noonan v. State, 1 Smedes & M., 562. We deem these authorities sufficient to support the rule that if the party is under arrest, silence can not be used to support the hypothesis of consent to statements made in his presence by others. From the bill of exceptions we infer that the learned judge who tried

this case admitted this evidence because appellant had been cautioned. Our Code of Criminal Procedure (article 750) provides that 'the confession shall not be used if at the time it was made the defendant was in jail, or other place of confinement, nor while he is in custody of an officer, unless such confession be made in the voluntary statement of the accused, taken before an examining court in accordance with law, or be made voluntarily after having been first cautioned that it may be used against him,' etc. As above stated, the learned trial judge admitted in evidence the silence of appellant upon the ground that the appellant had been cautioned. We are of opinion that the fact that appellant had been cautioned was an additional reason, to being under arrest, for excluding his silence as evidence. He had been warned that if he said anything it might be used against him. He obeyed the caution, and because he did obey his silence was admitted in evidence against him, and was used as a confession of the truth of the statements made by others. We are of opinion that whether cautioned or not, being under arrest, his silence should not have been received in evidence against him."

The Gardner case has been cited with approval in many other cases already cited, and universally wherever the same question has arisen. Now, in the case at hand, appellant and his codefendant Boyman were cautioned and warned that anything they might say could be used against them. Boyman spoke and acted, appellant remained silent. Boyman's acts and declarations made in appellant's presence, after the caution, while under arrest, were used against appellant. Neither the acts nor the declarations of Boyman could be used against appellant; nor could the silence of appellant be used before the jury: nor could the fact, if it was a fact, that any property was discovered by reason of Boyman's acts and declarations be used against appellant. In order to use such testimony against appellant, the property must have been found, if found at all, by reason of appellant's confession and not by the confession of his codefendant.

For the reasons indicated the judgment is reversed and the cause is remanded.

*Reversed and remanded.*