## CAREY OVERSTREET v. THE STATE.

### No. 1893. Decided October 23, 1912.

#### 1.—Burglary—Confession—Evidence—Oral Testimony.

Where the written confession stated that defendant was advised by the county attorney that he was charged with burglary and that he did not have to make any statement about the matter, unless he desired to do so, and that any statement that he might make could-be used against him in the trial of his case and that he willingly made said written statement to the said Pat M. Neff, who was then shown by oral testimony to be the county attorney, the same was sufficient. Davidson, Presiding Judge, dissenting.

#### 2.—Same—Evidence—Confession of Codefendant—Conspiracy. .

Where, upon trial of burglary, the defendant was charged with a certain burglary and the theory of the State was that defendant and his companion had been acting together in the entry of two different houses on different occasions with burglarious intent to steal, it was reversible error to admit in evidence the statement of said companion made after the commission of the offense and out of the presence and hearing of the defendant, and this, although said statement led to the discovery of some of the alleged stolen goods.

#### 3.—Same—Charge of Court—Confession of Accomplice.

Upon trial of burglary, it was reversible error to instruct the jury that they might consider the confession of an accomplice after the alleged burglary which led to the discovery of some of the stolen goods, and which statement was made in the absence of the defendant; and which further charged the jury that they might consider the previous confession of the defendant in connection therewith, although the same was not freely made.

#### 4.—Same—Evidence—Other Offenses.

Wherever the State has made a clear case, the resort to evidence of other offenses is not permissible, and where defendant was charged with burglary of a certain house and the State's case was not dependent upon a previous burglary which had no connection with the burglary for which defendant was being tried, evidence with reference to such previous burglary was inadmissible.

Appeal from the District Court of McLennan. Tried below before the Hon. Richard I. Munroe.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*J. D. Willis* and *James P. Alexander,* for appellant.—On question of admitting evidence of co-conspirator after commission of the offense in the absence of defendant: Martin v. State, 8 S. W. Rep., 682; Gardner v. State, 56 Texas Crim. Rep., 594, 120 S. W. Rep., 895; Gardner v. State, 65 Texas Crim. Rep., 394, 117 S. W. Rep., 140; Couch v. State, 58 Texas Crim. Rep., 505, 126 S. W. Rep., 866.

On question of defendant's confession that it must show on its face that the defendant was warned according to law: Smith v. State, 55 Texas Crim. Rep., 628, 118 S. W. Rep., 145; Ayres v. State, 62 Texas Crim. Rep., 428, 137 S. W. Rep., 1146; Jenkins v.

State, 59 Texas Crim. Rep., 475, 131 S. W. Rep., 542; Henzen v. State, 62 Texas Crim. Rep., 336, 137 S. W. Rep., 1141.

On admission of evidence of other offenses: Saldiver v. State, 55 Texas Crim. Rep., 177, 115 S. W. Rep., 584; Ware v. State, 38 S. W. Rep., 198; Nunn v. State, 60 Texas Crim. Rep., 86, 131 S. W. Rep., 320; Gardner v. State, 55 Texas Crim. Rep., 394, 117 S. W. Rep., 140; Thomas v. State, 138 S. W. Rep., 1018; Elkins v. State, 57 Texas Crim. Rep., 247, 122 S. W. Rep., 393; Martin v. State, 35 S. W. Rep., 976; Long v. State, 47 S. W. Rep., 363; Wilson v. State, 39 S. W. Rep., 373; Bismark v. State, 73 S. W. Rep., 965.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of burglary, his punishment being assessed at two years confinement in the penitentiary.

The theory of the State was that appellant and Brazill, acting together, entered on different occasions two houses, the one set out in this indictment being the residence of E. L. Taylor. A bill of exceptions was reserved to the admission of the confession signed by appellant and witnessed by Pat M. Neff and Lee Huff. The following portion of the confession is urged as being not in compliance with the law: "I, Carey Overstreet, being advised by the county attorney that I was charged with burglary and that I did not have to make any statement about the matter unless I desired to do so, and that any statement that I might make could be used against me in the trial of my case, willingly make to the said Pat M. Neff, the following statement," etc. Various objections are urged to this, among other things that it is not shown on the face of this statement that the county attorney and Pat M. Neff are the same person; and further, that it does not show the statement was made to the county attorney, the party who gave the warning, and that it must be supplied from other sources that Pat M. Neff and the county attorney were the same party, or it must be indulged by presumption, whereas the law is emphatic that it must show on its face that the confession was made to the same person who gave the warning. My brethren are of the opinion this statement is sufficient to show that the statement was made to the county attorney, and that Pat M. Neff was the county attorney. Under the Henzen case, 62 Texas Crim. Rep., 336, I am of the opinion the statement is not sufficient. That case follows the Jenkins case and the Robertson case referred to in said Henzen case. Omission from written confession can not be supplied by oral evidence. The written confession must be complete under the terms of the statute and can not be supplied extraneously.

Another bill of exception recites that after the arrest of Brazill and defendant and while in custody, perhaps the next day after

their arrest, one of the officers, Mr. Tilley, had a conversation with Brazill while both parties were under arrest, which conversation occurred in the absence of the defendant, in which Brazill made certain statements to him about some silk handkerchiefs and where they could be found. The officer went to the point designated, which was the home of Brazill, that is, the residence of his mother, and there, and pursuant to the statement of Brazil, found the handkerchiefs mentioned. Various objections were urged to this testimony, all of which we think were well taken. The conspiracy if one existed was shown to have terminated, the entire transaction was at an end, and these goods were found where Brazill said they were and not where defendant admitted they were. The conversation was in the absence of defendant and of which he had no knowledge, and if Brazill's statement was true, these were fruits of the crime pointed out by one of the conspirators after the termination of the conspiracy and the completion of the entire design. Under all the authorities this testimony is inadmissible.

And in connection with this matter, the court charged the jury as follows:

"As the purported confession of the defendant, which has been introduced in evidence before you, you are instructed that unless you believe from the evidence, beyond a reasonable doubt, that he made the same and made it freely and without compulsion or persuasion you will reject the same and not consider it. for any purpose whatever, unless you further believe from the evidence, beyond a reasonable doubt, that he or some accomplice, if any in said burglary, makes statements of facts or circumstances that are found to be true which conduce to establish his guilt such as the finding of secreted or stolen property, if any, and in this connection you are charged that no person can be convicted upon his own confession alone, unless it is corroborated by other evidence and whether there is such evidence is for the jury to determine."

All sorts of objections were urged to this charge as well as to the introduction of the evidence of Brazill. The admission of the testimony was clearly error, and this charge adds additional force to the error and emphasizes it. In it the jury is instructed that they could not consider the confession of defendant if the confession was obtained by compulsion or persuasion, unless they should find that his accomplice made a statement of the facts and circumstances which are found to be true and which conduce to establish his guilt such as the finding of secreted or stolen property. This was a direct charge on the weight of the evidence; not only so, but he was instructing the jury that the statement of Brazill in the absence of defendant, in regard to the property found by the officer, could be used against defendant, not only as facts against him to prove his guilt but to justify them in considering the confession of defendant. In other words, the jury was charged that if the accomplice's con-

fession and statements above referred to in the absence of defendant were found to be true, then they could not only consider those facts against defendant, but that would justify them in considering and weighing and holding against the defendant the previous confession made by him, although it may have been made by persuasion or compulsion. It would take no argument to show that this character of charge is clearly erroneous.

We are of opinion upon another trial that the investigation of the case should be confined to the burglary alleged in the indictment under the facts of this case. The burglary of the other house, as we understand the rule, is not admissible in this case. We mention this in view of another trial. There are cases where extraneous crimes are admissible in evidence when it may be admissible to show intent, develop res gestae or connect the defendant with the crime on trial, but that arises only in cases where these extraneous matters may become necessary to show the guilt of the defendant in the case for which he is being tried. Wherever the State has made a clear case, then the resort to evidence of extraneous crimes is not permissible. If the defendant had given an excuse or reason or some reasonable account of intent to eliminate his guilt before the jury, then in that event the State might meet this explanation with such evidence as could be secured to overcome the exculpatory evidence or statements. The rule in this respect is well stated in House v. State, 16 Texas Crim. App., at page 32, where Judge Hurt, writing for the court, used this language, which he placed in quotation: "When necessary to establish identity in developing the res gestae, or in making out the guilt of the accused by circumstances connected with the theft, or to explain the intent with which the accused acted with respect to the property for the theft of which he was being tried, it was competent for the State to prove that other property was stolen at or about the same time and in the same neighborhood from which the property in question was stolen, and that this other property was found in possession of the defendant when arrested for the theft of the property for which he was on trial. The purpose of such proof, however, must be explained in the charge of the court." Now, if it had been necessary to develop the State's case under any of the circumstances mentioned in the above excerpt, it would have been legitimate to prove the second burglary, but it was not necessary in this case. The State's case was not dependent upon the previous burglary in any way, nor was that in any way connected with this burglary. The State's case here, in substance, was that Mr. Taylor's house was burglarized in the daytime. Defendant made a statement in writing in which he admitted he entered the house with intent to get money, and that he did get money. The evidence was clear that somebody burglarized the house, and a confession, under the authorities, could be used to connect him with that offense. This was the State's case.

The defendant introduced no evidence, therefore did not undertake to exculpate himself by statements of any sort. Under these circumstances evidence of the other burglary was not admissible.

In reference to this particular phase of the case the court charged the jury that they could consider evidence of the other burglary only for the purpose of intent. Just what the other burglary had to do with appellant's intent in entering the house in question is not readily to be seen. If he entered the house burglariously for the purpose of theft, the entry into the other house could throw no light upon this transaction as to his intent, because if he entered the house at all to steal his intent was clear.

There are some other questions in the case which we deem unnecessary to discuss, believing that the views above expressed will sufficiently indicate to the trial court the theory upon which this case on this record should have been tried, and if the case develops upon another trial as upon this, this will be sufficient to indicate in that event how it should be tried.

For the reasons indicated the judgment is reversed and the cause is remanded.

*Reversed and remanded.*