# DECEMBER, 1917

## SAM WILLIAMS v. THE STATE.

### No. 4698. Decided December 5, 1917.

**1.—Hog Theft—Accomplice— Corroboration—Rule Stated—Corpus Delicti.**

The corroborative testimony to an accomplice need not be sufficient to establish the guilt of the defendant, for if this was the rule the testimony of the accomplice would be of no value; hence, the testimony of the accomplice in connection with all the other evidence to establish the corpus delicti must be considered. Following Nash v. State, 61 Texas Crim. Rep., 269. Davidson, Judge, dissenting.

**2.—Same—Exculpatory Evidence—Charge of Court.**

Where, upon trial of theft of a hog, the defendant's statement was introduced by the State which excluded the idea of his presence and knowledge at the time of the taking, it was incumbent upon the State to disprove the exculpatory statements upon part of defendant, and it was error to refuse a charge to this effect requested by the defendant.

**3.—Same—Evidence—Declaration of Third Parties—Conspiracy.**

Where, upon trial of theft of a hog, the conviction depended largely upon testimony of an accomplice, it was error to permit the wife of said accomplice to testify that her husband brought to his home some meat on the night of the theft after she had gone to bed, and that they cooked some of it for breakfast the next morning, and that her husband took the balance away and she did not see it any more; as this occurred after the commission of the offense, if committed, and was in no way binding upon the defendant in his absence, even if it involved a conspiracy.

**4.—Same—Accomplice—Charge of Court.**

Upon trial of theft of a hog, the court should have permitted a requested charge under the facts, that before the jury should convict upon the testimony of an accomplice the same must not only connect the defendant with the taking, but it must be true and the circumstances must tend to connect the defendant with the commission of the offense.

Appeal from the District Court of Marion. Tried below before the Hon. J. A. Ward.

Appeal from a conviction of theft of a hog; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*T. D. Rowell* and *Armistead & Benefield,* for appellant.—On question of corroboration of accomplice testimony: Crowell v. State, 6 S. W. Rep., 318; Buck v. State, 83 id., 387.

On question of refusing special charge: Sharpe v. State, 197 S. W. Rep., 207.

On question of declarations of third parties: Owen v. State, 63

S. W. Rep., 634; Finger v. State, 99 id., 1014; Landreth v. State, 70 id., 758.

*E. B. Hendricks,* Assistant Attorney General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of hog theft, his punishment being assessed at two years confinement in the penitentiary.

The State relied upon the evidence of the accomplice, George Smith. Without going into details, for the evidence is voluminous, the State's case was made by George Smith, who testified he and defendant and others went into the woods and killed a couple of hogs. His testimony if true, aside from the fact he was an accomplice, might be sufficient to form the basis of the verdict. He says it was a sow with a certain mark on it. The alleged owner, Rand, gave such mark. He places appellant present at the time, and states that after the hog was killed appellant went off, brought his wagon and hauled the hog to his, appellant's, house where it was cleaned. This was denied by appellant, he stating he was not present and had nothing to do with killing the hog. That some time during the night Smith came to his house and employed him to haul the hog in his wagon, for which he paid him 75 cents, his family corroborating him with reference to this matter. The State sought circumstances and facts to corroborate Smith, introducing quite a number of matters, but in these matters he was not corroborated as to appellant's connection with the taking of the hog, nor was he corroborated as to the identity of the hog. Rand testified that he lost a sow but he did not know what became of it except that it had disappeared from its accustomed range. He never saw the hog; knew nothing about it except the fact he owned a big spotted sow which disappeared. Smith is the only witness who testified to the killing of the hog and the presence of defendant. He is the only witness who undertakes to identify the animal as the property of Rand. In this he is not corroborated by any of the testimony unless it be as above stated.

We are of opinion that appellant's contention is correct. The corpus delicti consists in taking Rand's hog. The evidence of the accomplice is not sufficient in and of itself to prove this fact. He must be corroborated as to ownership, the taking as well as the presence of the defendant. This matter has been the subject of many well considered opinions by this court. In Crowell v. State, 24 Texas Crim. App., 404, this matter came pointedly before the court in which the proposition was laid down that the corpus delicti of theft can not be established by the uncorroborated testimony of an accomplice, but upon that issue the accomplice must be corroborated by other evidence tending to show the commission of the offense, and the defendant's connection with the commission of the same. In a case where the ownership of the animal alleged to be stolen is proved only by the uncorroborated testimony of the accomplice, it is not sufficient on the issue of ownership,

and therefore, insufficient to support the conviction. This case was followed by Hanson v. State, 27 Texas Crim. App., 140. The Hanson case lays down the proposition that upon the issue of ownership the accomplice must be corroborated. It was said in that case, that the accused stole the cow of any person is shown only by the testimony of Stockbridge, the accomplice. He states that the defendant carried the beef and part of the hide to his camp; that the cow was red, etc.; that she was killed about April 1; that defendant hung up the meat to dry, etc. In that case the deputy sheriff went to the camp of defendant and saw fresh beef and some strips of hide and some beef hung up to dry. He also saw fresh raw hide cut up in strips of suitable size for hopples. The testimony of this deputy sheriff constitutes the supposed corroboration. As was laid down in that case, and in fact all the cases, as the fundamental rule, in order to ascertain the fact that the accomplice is corroborated, his testimony should be eliminated, then take the facts and circumstances independent of his testimony to ascertain whether there is sufficient evidence to corroborate. A later case is Truelove v. State, 44 Texas Crim. Rep., 386, where the same doctrine is announced and again enforced as laid down in Crowell v. State, and Hanson v. State, supra. Testing the evidence by the rules laid down we find no testimony showing that appellant was present or aided in the killing of the animal except that of the witness Smith, and none to show that the hog belonged to the alleged owner, Rand. It is not sufficient to merely show that Rand's hog had disappeared from its range. That might be accounted for in various ways, but it does not corroborate Smith as to the fact that appellant was present at the time and aided in killing and took possession of the property of Rand. Appellant's statement, which was introduced by the State, excluded the idea of his presence and knowledge that it was the property of Rand. The State put this testimony in evidence and should have disproved it, and a charge to this effect was asked but refused by the court. Appellant's testimony not only as put in by the State but by himself and his family was to the effect that he was at home that night when Smith came and told he had killed a hog and wanted to employ him to haul it for him, for which he would pay 75 cents. Appellant hitched his team and hauled the hog for him. There is no evidence from any of these witnesses to the effect that the hog belonged to Rand. In fact, the testimony seems to exclude knowledge on the part of appellant that it was the property of Rand. Under this view of the case appellant could not be guilty as a principal even if he knew it was Rand's hog. The accomplice, Smith, testified that they carried the hog to appellant's house, and there is evidence which tends to show appellant's wagon may have gone from the place where it is claimed the hog was killed to appellant's house. Smith also testified, in substance that the hog was cleaned at appellant's house and that there was another party or two with them and that they divided the meat between them. The officers searched appellant's premises and house; they found no evidence of where a hog had been cleaned, and no

fresh hog meat in appellant's possession. Smith, the accomplice, proved by his wife that he, Smith, brought some meat home that night after she had gone to bed, and that they cooked some of it for breakfast the next morning, and that Smith took the balance away and she did not see it any more. This did not corroborate Smith as to appellant's connection with it, and outside of Smith's statement there is nothing to show this meat came from the hog that he says they killed.

Objection was urged to this testimony, which we think ought to have been sustained. This was possession of fresh hog flesh at night after the consummation of the offense, if one was committed, and in no way binding upon appellant. It was subsequent to the transaction. Acts and declarations occurring subsequent to the consummation of the offense in the absence of the defendant, and even where it involves a conspiracy can not be used against a co-conspirator but only against the one who has possession of the property or makes the statement. Appellant asked a charge, in substance, that before the jury could convict upon the testimony of the accomplice his testimony must not only connect the defendant with the taking, but it must be true and the circumstances must tend to connect the defendant with the commission of the offense. Thus far the court gave a charge, but appellant requested a further proposition in this connection, that this corroboration must tend to connect the defendant with the taking of the hog. In other words, in order to convict defendant, Smith must be corroborated as to the corpus delicti. We think this should have been given in charge to the jury. This is in accord with the decisions already cited.

Without going into a detailed discussion of the many bills of exception and various questions suggested, from what has been stated this judgment must be reversed and the cause remanded, and it is accordingly so ordered.

*Reversed and remanded.*

PRENDERGAST, JUDGE (dissenting).—In order that I may not be put in the attitude of assenting to the propositions stated in the opinion, in substance, that to determine if the evidence of an accomplice is corroborated, his testimony must be eliminated, and that he must be corroborated in each particular, I will state my views.

It is established that an accomplice's testimony does not have to be corroborated in every particular. That corroboration required by the statute is all that is necessary: which is, "by other evidence tending to connect the defendant with the offense committed." (Art. 801, C. C. P.) See Judge Ramsey's opinion in Nash v. State, 61 Texas Crim. Rep., 269, which has been uniformly followed since its rendition. See also 2 Vernon's Crim. Stats., p. 738.

The statement in some of the older cases to the effect that one of the tests of the sufficiency of the corroboration is to eliminate the accomplice's evidence, and then see if the other evidence exclusive of his, tends to connect the defendant with the commission of the offense, has long since been exploded. The true rule is as stated by Judge Ramsey

in said Nash case, and by Mr. Branch in his Ann. P. C., section 719: "The corroborative testimony need not be sufficient to establish the guilt of the defendant, for if this was the rule the testimony of the accomplice would be of no value." He cites a large number of cases exactly in point. Hence the testimony of the accomplice must be considered in connection with all the other evidence to establish the corpus delicti, just like a confession may be used to aid the proof of the corpus delicti. 2 Branch's Ann. P. C., p. 1049.

In my opinion, the testimony of the accomplice was fully and completely corroborated.

MORROW, JUDGE.—I understand the facts to bring this case in the class of Nash v. State, 61 Texas Crim. Rep., 269, where the law of corroboration is, I think, correctly stated.