ALVIN WRIGHT V. THE STATE.

No. 5271. Decided February 5, 1919.

**Burglary—Evidence—Hearsay—Declarations of Third Party.**

Where, upon trial of burglary, the conviction was based upon the declaration of a third party in a conversation with a State's witness, in the absence of the defendant after his arrest, the conviction could not be sustained.

Appeal from the District Court of Wichita. Tried below before the Hon. Wm. N. Bonner.

Appeal from a conviction of theft; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Marlin & Oneal,* for appellant.—On question of hearsay evidence: Belverman v. State, 16 Texas, 130; Segura v. State, 16 Texas Crim. App., 221; Wool v. State, 201 S. W. Rep., 1002.

*E. A. Berry,* Assistant Attorney General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of burglary, his punishment being assessed at two years confinement in the penitentiary.

There is a bill of exceptions found in the record to the testimony of the State's witness Marlow, which is as follows:

"I had a conversation with Hope Nicely after the burglary had been committed. The conversation I had with the Nicely boy was after he was arrested and put in jail, and also after the defendant, Alvin Wright, had been arrested and was in jail. I wanted to talk to the Nicely boy, and I had him brought to my office on Eighth Street from the jail. He was in the city jail, and the defendant was in the county jail at this time. When Nicely was brought to my office I told him I wanted to know the truth about this burglary, and he asked me if I would use what he told me against him, and I told him I would not. He then

told me that he stood on the outside of the Parmeter building while the older boy, Alvin Wright, went on the inside and got the pistols; yes, he told me in this conversation that Alvin Wright went in the store and took the pistols out. At the time I had this conversation with the Nicely boy, in my office, the defendant, Alvin Wright, was not present, but he was in the county jail and he could not hear what the Nicely boy told me. This was after the burglary had been committed and the boys had both been arrested and placed in jail. I did not warn the Nicely boy before I talked to him, but I told him that I would not use anything he said to me against him. I did not tell him that I would not use it against anyone else. He first denied being guilty and it was after I told him that I would not use what he said against him, that he told me that he was with the defendant, Alvin Wright, and that he saw the defendant in the building while he waited on the outside, and that it was the defendant that got the pistols, while he watched outside."

Quite a number of objections were urged to the introduction of this testimony. The Assistant Attorney General admits error in the introduction of said testimony. We find that under the law he is correct. This testimony was inadmissible against the appellant from any viewpoint of the law and jurisprudence of this State.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*