## Ex Parte Delmar Funk.

### No. 5466. Decided June 25, 1919.

**Habeas Corpus—Bail—Practice on Appeal—Former jeopardy.**

Where relator was admitted to bail for the offense of murder, and subsequently indicted for the offense of robbery by the use of firearms, claimed to grow out of the same transaction and was refused bail for said latter offense, this court on writ of habeas corpus will not pass upon the question of fact as to whether these offenses are one and the same transaction, and will not pass upon the question of former jeopardy, but following precedent will admit relator to bail. Following Jones v. State, 200 S. W. Rep., 1086.

Appeal from the District Court of Bexar. Tried below before the Hon. W. S. Anderson.

Appeal from a habeas corpus trial denying the defendant bail.

The opinion states the case.

*Chambers, Watson & Wilson,* and *W. W. Walling,* for appellant.—
Cited: Augustine v. State, 33 Texas Crim. Rep., 1; Moore v. State,
33 id., 166; Ex parte Patterson, 81 Texas Crim. Rep., 26, 193 S. W.
Rep., 146; Daniel v. State, 72 Texas Crim. Rep., 286, 162 S. W.
Rep., 500.

*C. M. Cureton,* Assistant General and *E. A. Berry* and *W. J. Town-
send,* Assistant Attorney Generals for the State.—On question of
former jeopardy: Mosely v. State, 33 Texas, 671; Taylor v. State, 35
id., 496; Bailey v. State, 11 Texas Crim. App., 140; Ex parte Porter,
16 id., 321.

LATTIMORE, Judge.—This is an appeal from an order and judg-
ment of the Criminal District Court of Bexar County refusing an
application for bail on behalf of relator.

It appears that the relator is and has been under indictment in
said court for the offense of murder, and that upon application in
said murder case he was granted bail and his bail fixed at the sum of
five thousand dollars. Subsequently he was indicated for the offense
of robbery by the use of firearms and it is in the latter case that
this application is presented. Upon a hearing in the trial court the
relator was remanded to the custody of the sheriff of Bexar County
and bail was refused.

Without writing at length in the matter, we merely call attention
to the fact that we are unable to differentiate this case in any way
from the case of Jones v. State, 200 S. W. Rep., 1086 and Ex parte
Spannell, 212 S. W., 172, decided at this term. Our views upon the
matters raised and presented in this case are fully set forth in the
cases referred to. We will not impute fraud or want of good faith
either to the grand jury returning the indictment in the instant case
or to the court and executive officers of Bexar County.

As to whether the offense of murder, as charged in the former in-
dictment which is still pending, and the offense of robbery with fire-
arms, in which this application is sued out, are one and the same
transaction, is a question of fact dependent upon evidence which may
be produced before the trial court upon the trial of said two offenses.
It has been often held that the question of jeopardy was not a
proper one to be decided by this court on a *habeas corpus* hearing.

The case being submitted to us on an agreed statement of facts,
and it appearing that appellant has been tried on said facts
for murder growing out of this transaction, and a less penalty given
than death, and that his bail was fixed by the trial court in the
murder case at $5000, the judgment of the lower court will be
reversed and bail fixed at $5000 in this case.

*Bail granted.*