## H. W. Dawson v. The State.

### No. 5844. Decided June 2, 1920.

**Theft—Conspiracy—Co-conspirator.**

Upon trial of theft over the value of fifty dollars, it was reversible error to admit the statements of a co-conspirator with reference to things and matters connected with the alleged offense and defendant's connection there-with, in the absence of the defendant and after the consummation of the transaction and after defendant's arrest.

Appeal from the District Court of Eastland. Tried below before the Honorable E. A. Hill.

Appeal from a conviction of theft. Penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*Mays & Mays.* for appellant.—On question of admitting statements of co-conspirator · Long v. State, 124 S. W. Rep., 640; Overstreet v. State, 150 S W. Rep., 630; Wallace v. State, 145 id., 925, and cases stated in opinion.

*Alvin M. Owsley,* Assistant Attorney General, for the State.—On question of co-conspirators: Long v. State, 55 Texas Crim. Rep., 55.

DAVIDSON, Presiding Judge.—Appellant was convicted of the theft of fourteen joints of six and five-eights inch casing of sufficient value to make it a felony.

A bill of exceptions recites that McLemore Dawson, a brother of defendant, was charged with the same offense; that he was not present at defendant's trial and did not testify; that Fred Cook, an employee of the Prairie Oil and Gas Company, the party to whom said casing belonged, was testifying for the State, and that the State was seeking to prove by Cook a certain conversation which had taken place out of the presence of the defendant between witness and McLemore Dawson, brother of defendant. This conversation occurred some time after defendant had been arrested on the charge set forth in the indictment in this case; that the conversation was out of the presence of defendant and without his knowledge or consent. The

bill is full in its statements, and after the objections had been urged and overruled, the witness stated: "The defendant was not present when we had this talk. He (McLemore Dawson) told me that he together with George Davis and Hosey Davis went out to the Barnes Lease on the afternoon of the 26th of September, 1919, and secured two loads of six and five eighths inch casing and hauled it to the home of the defendant, and left it on the wagon till some 8 or 9 o'clock in the evening and took it over and unloaded it at the jew's yard. The defendant and McLemore Dawson were present when they unloaded it. He went out there at the request of his brother and drove his team, and that his brother paid him $5 per day to drive his team and haul this casing. He told me that he and George Davis and Henry Davis, brother-in-law of the defendant, and the defendant hauled at different times five separate trips." Objection was again urged to the introduction of this conversation between McLemore Dawson and the witness Cook. This testimony was not admissible. The conspiracy, if any existed, had been consummated, and appellant had been arrested in the case at hand. Shifflett v. State, 51 Texas Crim. Rep., 530; Overstreet v. State, 67 Texas Crim. Rep., 565; Couch v. State, 58 Texas Crim. Rep., 505; Bouldin v. State, 222 S. W., 555, decided at the present term of the court. This was but the statement of McLemore Dawson to the witness Cook of things and matters connected with this alleged violation of the Law and appellant's connection with it in appellant's absence and after the consummation of the transaction, and after appellant's arrest. Under these authorities this evidence was inadmissible.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*