SEARCY RATCLIFF v. THE STATE.

No. 6188. Decided April 13, 1921.

1.—Burglary—Ownership—Possession—Servant.

Where, upon trial of burglary, the evidence showed that the actual owner was not in possession of the house and the alleged property therein as charged in the indictment, but showed that at the time of the burglary the house and property were in possession of another, who had the actual care, management and control of same, ownership and possession should have been alleged in the latter; the relation of the latter to the property not being that of a mere servant, Following Daggett v. State, 39 Texas Crim. Rep., 7.

2.—Same—Accomplice Testimony—Corroboration—Charge of Court.

Under the facts of the case, and exception to the court's charge, the trial judge should have charged the jury that one accomplice cannot corroborate another, it appearing that three of the State's witnesses were accomplices, and that said fact was so stated in the charge. Following Franklin v. State, 53 Texas Crim. Rep., 549, and other cases.

Appeal from the District Court of Bexar. Tried below before the Honorable W. S. Anderson.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

C. M. Cureton, Attorney General, and C. L. Stone, Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted of burglary in the 37th District Court of Bexar county and his punishment fixed at two years in the penitentiary.

Ownership and possession of the alleged burglarized house and the property therein, was charged in W. E. Smith. The undisputed proof on the trial showed that Mr. Smith, about five days prior to the said burglary, had an accident from which he was confined in the hospital five weeks, and then at his home for three weeks additional. During the first three weeks of said confinement his condition was so serious as that no one mentioned business or consulted him with regard to same. During said time and at the time of this burglary his store and business was conducted by one Enck, who had the actual care, management and control of same. Appellant presented the question of a variance between the allegations and proof, in various ways. We think that his contention is sound. The question of proper allegation of ownership and possession in burglary and theft cases has been so often discussed by this court and in so many decisions that

little could be added. Under the record before us the ownership and possession of this house and the property therein should have been laid in Enck, or such ownership in Smith and possession in Enck. The relation of the latter to the property was not that of a mere servant whose possession is confined to custody, without right of disposition. Daggett v. State, 39 Texas Crim. Rep., 7. Apparently the business of buying and selling in connection with said store was carried on the same while Mr. Smith was confined to the hospital unable to gave same any attention, as when he was there personally.

On the question of accomplice testimony, the trial court, upon exception to his charge for failure so to do, should have charged the jury that one accomplice cannot corroborate another, it appearing that three of the State witnesses were accomplices, and that said fact was so stated in the charge. Harrison v. State, 17 Texas Crim. App., 442; Eddens v. State, 47 Texas Crim. Rep., 529; Franklin v. State, 53 Texas Crim. Rep., 549.

For the errors mentioned the judgment will be reversed and the cause remanded.

*Reversed and remanded.*