### Aubrey Sims v. The State.

No. 6647.   Decided December 6, 1922.

Rehearing Granted June 27, 1923.

1.—Burglary—Accomplice—Charge of Court.

Where, upon trial of burglary, the defendant sought to have the jury instructed that a certain State's witness was in law an accomplice, which the court refused, and submitted the question of accomplie as a fact to be decided by the jury, and refused to submit the requested charges thereon, there was no reversible error.  Distinguishing Bohanon v. State, 204 S. W. Rep., 1165, and other cases.

2.—Same—Evidence—Acts of Accomplice.

Where, upon trial of burglary. a witness had testified for the State that the offense in question was committed by himself and defendant, and that they took a large quantity of goods from the store, and it was also in evidence that the stolen goods were recovered, there was no error in admitting testimony that while defendant was in jail the above State's witness went with three officers to certain places where the stolen goods were found.

3.—Same—Charge of Court—Sufficiency of the Evidence.

Where, upon trial of burglary, the evidence was sufficient to sustain the conviction, there was no reversible error on that ground.

4.—Same—Rehearing—Accomplice—Corroboration.

Where this court was in error in stating that there was no exception to the lower court's charge for its failure to tell the jury that one accomplice could not corroborate another, it has become convinced that said exception was sufficiently definite, and that under the facts of the instant case the failure of the learned trial judge to so instruct the jury was reversible error. Following Ratcliff v. State, 229 S. W. Rep., 857.

5.—Same—Accomplice—Charge of Court.

This court must also hold that appellant's exception to the charge defining accomplices, in that it failed to give to the jury a concrete definition in ordinary language applicable to the fact by telling the jury that if the witness Miller bought a shirt from defendant or defendant and his companion, and knew or believed at the time that it was stolen he would be an accomplice. Following Crawford v. State, 34 S. W. Rep., 927.

Appeal from the District Court of Bell.   Tried below before the Honorable M. B. Blair.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Evetts & White, and W. W. Hair,* for appellant.—On question of accomplice, Guitteraz v. State, 173 S. W. Rep., 1025; Eddens v. State, 84 id., 828; Heath v. State, 7 Texas Crim. App., 465.

Upon question of defining an accomplice, Shrewder v. State, 133 S. W. Rep., 281; Baggett v. State, 144 id., 1136; Savage v. State, 170 id., 731.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Bell county of the offense of burglary, and his punishment fixed at confinement in the penitentiary for a period of two years.

That a store in the care, management and control of H. T. Cochran in Bell county, Texas, was entered at night in such manner as to constitute burglary, seems undisputed in this record. Ernest Vickers testified that he and appellant broke and entered said store, narrating in conection with his story as told before the jury the physical facts surrounding the entry, and also the fact that he and appellant concealed the goods taken from said store at the various places where they were afterwards found substantially as said facts were detailed by other witnesses in the record. It was in testimony that appellant and Vickers were seen in the vicinity of the burglarized store together several times recently before the alleged burglary, and it also appears that at a point where he claimed they concealed the stolen property, the tracks of two persons were seen by the officers who recovered the property. The sufficiency of testimony corroborative of that of Vickers becomes of importance. Such evidence must go further than merely to show that a burglary has been committed; it must point to the accused with some criminative force as being a guilty party in such crime.

Without giving the details of the transaction, Mack Miller for the State testified that a few days after the burglary he bought a silk shirt from Vickers and appellant. Witness said the two had been in the restaurant where he worked shortly before that with a similar shirt which was too small for witness. When they returned with the second shirt appellant had it in his hand when they entered the restaurant but gave it to Vickers who handed it to witness,, for which he paid Vickers $3.00. The shirt was part of the goods taken from said burglarized store. Miller testified that Vickers told him the shirt would be safe to buy. On cross-examination on this point Miller testified:

"I did not ask Vickers whether it was hot or not, and he didn't

tell me it was hot, but safe to buy. He did tell me it was safe to buy, but that was after I bought it. He said the shirt was safe, or something like that. I did not think it was safe to buy. I had an idea he had got it some place like stealing it, it hadn't been worn. The fact that he had a fourteen, and went off and got a bigger number, made me suspicious that he was getting it where he ought not to get it.''

If Miller be not an accomplice his testimony was alone sufficient in law to corroborate Vickers. It showed appellant in possession of property recently taken from the burglarized store and beyond question would thus tend to connect him with said burglary. Appellant sought to have the jury instructed that Miller was in law an accomplice. This was refused, and this brings us to the first contention of appellant on appeal. Was it error for the trial court to refuse to assume and charge the jury as a matter of law that Miller was an accomplice? There was no exception to the court's charge for any failure to sufficiently define as accomplice, which definition appears in paragraph 11 of the charge. Appellant insists that the court should have himself decided the question as to Miller being an accomplice. Bohanon v. State, 84 Texas Crim. Rep., 8 and Davidson v. State, 84 Texas Crim. Rep., 433 are cited by appellant in support of this contention. In the latter case one Shipman in whose house the stolen goods were found, was indicted for complicity in the theft, and was clearly an accomplice. In Bohanon's case the testimony overwhelmingly showed that the prosecutrix was an accomplice. We think neither case in point here. The most that can be gotten out of the testimony in this record supporting the contention that Miller was in law an accomplice, is found in the quotation from his testimony above set out, and from same we learn that he suspected or had an idea that the parties had gotten the shirt some place like stealing it or where they ought not. There is nothing to show subsequent concealment of the property, the thieves, or the fact of the purchase, by Miller. He says he told officer Smith that he had this shirt and that officer Hunton went down and got it. The shirt was before the jury and identified by Miller. There was no pretense that he was under a legal charge for any sort of criminal connection with the burglary or the theft of the property, or the receiving of any stolen property. For aught that appears in the record the case may be within the rule in Chitister v. State, 33 Texas Crim. Rep. 638. The question of the character of the witness as an accomplice not being sufficiently clear to the trial court, we deem him justified in submitting the issue to the jury. In Elizando v. State, 31 Texas Crim. Rep. 243, Judge Davidson said:

''But in the next place, if it be conceded that the facts adduced raise such an issue, in connection with her testimony, still it would not be incumbent upon the court to charge in affirmative terms that she was an accomplice.

It was sufficient to submit that question to the jury as a question of fact to be determined by them, which was done. In cases where that fact is not admitted or placed beyond doubt, it is not improper to submit such question under appropriate instructions to the jury, to be determined by them. Zollicoffer v. The State, 16 Texas Crim. App., 312; White v. The State, 30 Texas Crim. App., 653.''

In the Zollicoffer case, 16 Texas Crim. App. 317, this court, after stating that the witness Green was unquestionably an accomplice, proceeds to further say:

''It is insisted by appellant that the court erred in submitting to the jury the question as to whether or not the witness Green was an accomplice; that the court should have directly charged the jury that he was an accomplice, the evidence being so conclusive of that fact. Whilst it would not, under some facts, be improper for the court in its charge to assume, and to instruct the jury that a witness is an accomplice (Williams v. The State, 42 Texas, 392; Barrera v. The State, Id. 260), still we do not think it is error to submit the question to the jury. It has been the practice in such cases to submit this issue to the jury, and, believing the practice to be a safe and proper one, and in harmony with the spirit of our system of procedure, we are not disposed to change it.''

The special charges requested by appellant were four in number, three of which were refused. In each of the refused charges instruction was sought of the fact that Miller was an accomplice in law. We think it not error to refuse all of same under the facts of this case. In connection with paragraph 11 above referred to, defining accomplices, the trial court gave paragraph 10, which is as follows:

''As to the witness Mack Miller, the court submits the matter to you to determine from the evidence adduced in this case whether he is an accomplice, and if you find from the evidence that he was an accomplice, then you cannot convict the defendant upon the testimony of Ernest Vickers or Mack Miller or both of them, unless the accomplices' testimony is corroborated by other evidence tending to connect the defendant with the offense charged.''

And also gave paragraph 12, which is as follows:

''Now, if you are satisfied from the evidence that the witness Mack Miller was an accomplice, or you have a reasonable doubt as to whether he was or not, as the term is defined in the foregoing instruction, then you are instructed that you cannot find the defendant guilty upon his testimony unless you first believe that the testimony of the said Mack Miller is true and that it shows or tends to show that the defendant is guilty as charged in the indictment and still you cannot convict the defendant unless you further believe that there is other testimony in the case outside of the testimony of Mack Miller and Ernest Vickers tending to connect the defendant with the commission of the offense charged in the indictment, and the corrobora-

tion is not sufficient if it merely shows the commission of the offense."

Appellant has an exception directed at paragraph 9 of the court's charge for its failure to tell the jury that one accomplice can not corroborate another. Said paragraph has only reference to the law applicable to Ernest Vickers' attitude in the case. There is no exception to the charge as a whole for any such failure, nor was there any special charge asked supplying this omission. It is true that in one of the special charges above mentioned seeking to have the jury told that Miller was an accomplice as a matter of law, there is reference to the law that one accomplice can not corroborate another. Said charge was refused without modification, but such charge can not be held as a request that the jury be told that one accomplice can not corroborate another, for the proposition was merely a subordinate part of the matter referred to and was not made a prominent feature of said requested charge.

In our opinion paragraph 12 of the charge given, which in effect tells the jury that if they believe Miller to be an accomplice in no event can they convict appellant unless they further find there is other evidence aside from that of Miller and Vickers which tends to connect appellant with the offense committed, is ample protection to the accused in the regard mentioned, and in legal effect tells them that in this case the corroboration must be from other sources than another accomplice.

Bills of exception Nos. 14, 15, 17 and 21 present substantially the same proposition. Ernest Vickers testified for the State claiming that the burglary in question was committed by himself and appellant, and that they took a large quantity of goods from the store. Thereafter and while appellant was in jail Vickers went with three officers to certain places where the stolen goods were found. The owner of the stolen goods testified that all of said property was recovered. Vickers testified that the purpose of himself and appellant was to dispose of the property and split the proceeds, and that appellant had told him he thought he could make arrangements for a car for their use in going to Fort Worth. Over objections on the part of appellant Vickers and the three officers were permitted to testify that Vickers went with them and directed them where to go, and of their finding of the stolen property. The objection was that this called for acts and declarations of Vickers outside of the presence and hearing of the accused. It could hardly be claimed that the declarations or acts of one co-conspirators in revealing to the officers the whereabouts of stolen property, were in pursuance of the common design actuating him and his fellows in the commission of the theft or burglary by which said property was acquired. Such acts or declarations could not have for their purpose the furtherance of a common design, but would seem to be in derogation thereof. The admissibility of the testimony under consideration does not seem referable to the above rule.

What was done by the officers in searching for and recovering the stolen property, is admissible in the development of the case. We see no sort of distinction between testimony of the acts of others in this regard and that of the acts of Vickers. The only part of the testimony of each of said witnesses as disclosed in the four bills of exception mentioned, which might be the subject of dispute is that which sets forth that the search for and discovery of the stolen property, was under the direction of Vickers, or that he showed the officers where it could be found. This, it might be urged, called for declarations of Vickers. We do not think so. An examination of the testimony of each of the officers shows as follows: Mr. Vannoy said, Ernest Vickers, myself, Mr. Bonds and Mr. Utley went to the west end of the oil mill x x x and found x x x Ernest Vickers took us to that place.'' This was followed by a description of what was found in the way of property, tracks, etc. Mr. Bonds testified in substance: ''We went down to the oil mill x x x and Ernest Vickers directed us where to go. We found, etc. x x x We then went to Temple, Ernest Vickers directing us where to go, and we found there x x x. We came to Belton and carried the stuff to Cochran—Blair, et al. and turned it over to them.'' Mr. Utley said: ''Mr. Bonds, Mr. Vannoy, Ernest Vickers and myself, at the direction of Ernest Vickers, went to the oil mill x x x and got part of the stuff x x x Vickers showed us where to get this stuff x x x. We all then went to Temple, etc., Vickers showing us where to go. We then got, etc.'' Vickers also testified that he went with the officers and showed them where the stolen roperty could be found. In Funk v. State, 85 Texas Crim. Rep., 527, 208 S. W. Rep. 513, it is made to appear that an officer testified that he went with two participants in the alleged crime and under their direction to a certain culvert where he found certain pistols and cartridges which were identified at the trial as those used in the homicide. This testimony was held admissible. This opinion was reviewed in Howard v. State, 92 Texas Crim. Rep., 221, 242 S. W. Rep. 741, in which latter opinion we think nothing appears contrary to our conclusion in the instant case. In Williams v. State, 88 Texas Crim. Rep., 87, 225 S. W. Rep., 177, testimony of a witness that after a homicide he received from a supposed participant in said crime, the watch of deceased, was held admissible against accused, an alleged participant, this court saying: ''It comes within the rule permitting proof of the acts of a co-conspirator found in possession of the fruits of the crime. Pierson v. State, 18 Texas Crim. App. 561, and other cases cited in Branch's Ann. P. C. Sec. 695.'' Bearing in mind that Vickers was with the officers all the time during the search for and recovery of the stolen property, their statements that Vickers showed them, or that he directed them, were not necessarily a relation of anything said by Vickers, nor does anything appear in the testimony relative to the search for and recovery of the

property which by any course of reasoning or from any standpoint can be taken to more than properly develop the transaction. It does no more than develop the crime, and does not point to the defendant as a guilty participant therein, and can in no sense be said to be injurious to him.

Appellant cites in this connection Couch v. State, 58 Texas Crim. Rep., 505, 126 S. W. Rep. 866; Overstreet v. State, 67 Texas Crim. Rep., 565, 150 S. W. Rep. 630; Williams v. State, 82 Texas Crim. Rep., 215, 199 S. W. Rep. 296; Wright v. State, 84 Texas Crim. Rep., 521, 208 S. W. Rep. 919; Cone v. State, 86 Texas Crim. Rep., 291, 216 S. W. Rep. 190; Dawson v. State, 87 Texas Crim. Rep., 434, 222 S. W. Rep. 557, and Garcia v. State, 88 Texas Crim. Rep., 605, 228 S. W. Rep. 938. There is before us no question such as the inadmissibility of the confession of an accomplice made in the presence of the accused who remained silent and was not bound by such confession, as was properly held in the Couch case, supra; nor of the admissibility of statements made by an accomplice to officers in the absence of the accused, which statements were found to be true and led to the discovery of the stolen property, the inadmissibility of which evidence was held in Overstreet v. State, supra; nor whether the accomplice can be corroborated by proof of his possession of the stolen property, the connection of the accused with same not being shown otherwise than by the accomplice testimony, which evidence was held inadmissible in Williams v. State, 82 Texas Crim. Rep., 215, 199 S. W. Rep. 296; nor of the inadmissibility of statements made to officers by the accomplice out of the presence and hearing of the accused, as was held in the Wright and Dawson cases, supra. In the Cone case, supra, there appears no statement of what constituted the acts and conduct subsequent to the termination of the conspiracy, the objection to which it was held should have been sustained, and in this condition of the opinion we are unable to appraise the value of its citation. In Garcia v. State, supra, both conspirators confessed after they were arrested and gave to the sheriff a description of the place where the stolen property was located, and this court held admissible on the trial of Garcia the testimony of the sheriff that he took Rodriguez and with the aid of the latter found the property at the place described by Garcia. We think none of the authorities cited, when rightly considered, support appellant's contention. The objection to the testimony of Vickers to the fact that he went with the officers and directed them, or that he said he told them where to go, has no force in view of the fact that Vickers was with the officers in all of their search, and his testimony on this point contains a narration of no fact aiding or lending force to the proposition of the guilty connection of the accused with said property. The case of Fitzgerald v. State, 87 Texas Crim. Rep., 34, 219 S. W. Rep. 201 cited, does not sustain this objection. In said opinion this court was discussing the proposition

that the accused cannot complain of testimony which he himself had introduced, and our statement that if evidence be objectionable otherwise, the introduction of same by the accused would deprive him of any right to object, was intended to go no farther than to decide the question at issue.

Appellant excepted to paragraph 12 of the charge in the following manner:

"Defendant further objects and excepts to paragraph 12 of the court's charge wherein the court undertakes to instruct the jury and leave it to them as to whether Mack Miller was an accomplice or not, which the defendant says should not be submitted in this: That the court charges the jury in said paragraph that they might convict the defendant upon the testimony of Mack Miller, if they 'first believe that the testimony of the said Mack Miller is true and that it shows or tends to show that the defendant is guilty as charged in the indictment, and still you can not convict the defendant unless you further believe that there is other testimony in the case outside of the testimony of Mack Miller, and Ernest Vickers tending to connect the defendant with the commission of the offense charged in the indictment,' for the reason that under this charge, the defendant could be convicted if the tstimony of the accomplice or either of them or both of them tended to connect the defendant with the commission of the offense. That this is not the law of this State, the law being that the testimony of accomplices must show that the defendant is guilty as charged, and that the court is not authorized under the law to charge the jury that there can be two tendencies, one by the accomplice tending to show the defendant guilty of the commission of the offense, and one by other testimony tending to connect him with the commission of the offense."

In the presentation of the case to this court it is urged that paragraph 12, which is above set out, warrants the jury in convicting appellant if they believe that the testimony of Mack Miller tends to show guilt on the part of the accused. We have carefully examined the charge as a whole and it is from this viewpoint that the question must be decided. Paragraph 9 of the court's charge correctly told the jury the law applicable to the testimony of Ernest Vickers, the accomplice who participated in the burglary and whose testimony fully revealed the guilt of the appellant if true and corroborated by other evidence. We think that portion of paragraph 12 relating to the testimony of Miller, in which the court told the jury that they could not convict the accused upon the testimony of Miller unless they believed it to be true and that it showed or tended to show appellant's guilt, was inaccurate and should not have contained the words "tend to show," but taken in connection with the remainder of said paragraph 12, and with the charge as a whole, we think it abundantly stated to the jury that they could

not convict appellant upon the testimony of both Vickers and Miller, if they believed Miller to be an accomplice, unless there was testimony outside that of both of said parties tending to connect appellant with the burglary. The charge as a whole fully conserved the rights of appellant, and so believeing, under Article 743 of the Code of Criminal Procedure, we are forbidden to reverse for the inaccuracy or error here complained of.

We are of opinion that the evidence sufficiently corroborated the accomplice and established the guilt of appellant, and that he has in all things had a fair and impartial trial.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

ON REHEARING.

Jnue 27, 1923.

LATTIMORE, Judge.—On more mature reflection we believe our opinion in error in stating that there was no exception to the court's charge for its failure to tell the jury that one accomplice could not corroborate another. While said exception is coupled with another paragraph of the exceptions as presented to the trial court, we have become convinced that it was definite and should have sufficed to call attention to the omission. We further believe the failure of the learned trial judge to so instruct the jury was hurtful to the accused. Ratcliff v. State, 89 Texas Crim. Rep., 176, 229 S. W. Rep. 857. The question of corroboration of the accomplice Vickers was the chief bone of contention on the trial and if the jury found that State witness Miller, upon whom the State relied for corroboration, was an accomplice, it would be manifest that they should have been plainly told that one accomplice could not be corroborated by the testimony of another.

We think we also erred in not upholding appellant's exception to the charge defining accomplices in that it failed to give to the jury a concrete definition in ordinary language applicable to the facts. The court gave the jury the following:

"You are instructed in this connection that an accomplice, as the word is herein used, means anyone connected with the crime charged whether as a principal offender, as an accomplice, as an accessory, or otherwise. It includes all persons who are connected with the crime by unlawful act or omission on their part transpiring either before, at the time or after the commission of the offense and whether or not he was present and participated in the commission of the crime."

This would ordinarily be held sufficient but in this case the only connection with the crime as to State witness Miller, claimed by appellant to be an accomplice, was by the purchase of a shirt, a

part of the alleged stolen property some time after the commission of the alleged burglary. Miller testified that he bought from appellant or appellant and Vickers a shirt for $3.00, which was marked $13.50. This is shown to have been taken from the burglarized store. Shortly before the final purchase witness had seen appellant and Vickers at the depot in Temple where they offered him a shirt which one of them pulled out of his bosom, but it was too small. Vickers said he could get witness another one and he and appellant came presently to the restaurant where Miller worked with the shirt in question. It was a silk shirt and had not been worn. We quoted from Miller's testimony in our original opinion at this point. Referring to same, it will be observed that Miller said that he did not think the shirt was safe to buy, that he had an idea Vickers had got it some place like stealing it, that it had not been worn, and also the fact that Vickers had a No. 14 shirt at the depot and went off to get a bigger one, made witness suspicious that he got it where he ought not to get it. In the testimony of Vickers, an acknowledged accomplice, appears the following: "Sims went up and asked him (Miller) if he wanted to buy a shirt, and he said 'It is a little hot' and Miller said 'It is all right with me, I will buy it.'" While the court's definition of accomplices is sufficient from a purely legal standpoint, still it is couched in legal phraseology and in our opinion in a case such as the one before us should have been supplemented by concrete application to the facts by telling the jury that if witness Miller bought a shirt from appellant or appellant and Vickers, and knew or believed at the time that it was stolen, he would be an accomplice. Crawford v. State, 34 S. W. Rep. 927.

For the reasons mentioned the motion for rehearing is granted, the affirmance is set aside, and the judgment is reversed and the cause remanded.

*Reversed and remanded.*