HUBERT HAMONS V. THE STATE.

No. 16175.   Delivered December 13, 1933.
Reported in 66 S. W. (2d) 305.

The opinion states the case.

*Cox & Hayden,* of Abilene, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is theft of chickens; the punishment, confinement in jail for thirty days.

It was alleged in the indictment that James H. Griffin was the owner of the stolen chickens. He testified that in March, 1932, there were taken from his chicken house four chickens and a turkey. He said one of the chickens was a big Orphington rooster, one a black Cornish game, one a Rhode Island Red, one a Plymouth Rock. He declared that at different times a number of his chickens had disappeared. However, the specific number described consisted of those we have already mentioned. He said that he only claimed that the four he had described had been taken. He testified that he did not know who had taken the chickens and did not see them after they were stolen.

The accomplice witness, C. W. Byars, testified that in February, or the first part of March, 1932, he and appellant went

to the home of the injured party, at night, and took from his premises sixteen Rhode Island Red chickens. He testified, further, that he and appellant carried these chickens to his (the accomplice's) home and put them in the cellar; that some of the chickens smothered to death on the way over; that the next morning he and appellant tied the chickens, and he (the accomplice) carried them to town where he sold them to a merchant, whose name he was unable to give; that after he had sold the chickens he returned and divided the money with appellant. Again, he testified that most of the chickens he and appellant got from the home of the injured party were hens. He declared that after they had put the chickens in the cellar his wife saw him and appellant working with them. He testified, however, that he did not tell his wife where he got the chickens, and that she did not know that he and appellant had stolen them.

Mrs. Byars, the accomplice witness' wife, testified that she saw some Rhode Island Red chickens in the cellar at her home and saw appellant and her husband tie the chickens for the purpose of carrying them to town; that these chickens were Rhode Island Red hens, there probably being one rooster in the bunch; that she did not see the rooster, but her husband and appellant told her there was one rooster; that both her husband and appellant told her that they had stolen the chickens from Phil Griffin's; that after selling the chickens, her husband brought the proceeds of the sale home.

Phil Griffin lived about one-half of a mile from his brother, James H. Griffin.

Testifying in his own behalf, appellant denied the entire transaction.

We think it is clear that Mrs. Byars' testimony was not sufficient to corroborate the accomplice witness as to the identity of the chickens. Her testimony went no further than to show that appellant and the accomplice witness had in their possession chickens which they said they had gotten from Phil Griffin's. The description of these chickens was not shown by any testimony to correspond with those described by James H. Griffin, the injured party. See Williams v. State, 199 S. W., 296.

Honorable Lloyd W. Davidson, State's Attorney, before this court, confesses that the corroboration is insufficient. We adopt from his brief the following:

"The direct issue involved, with reference to the sufficiency of the evidence, centers around the proposition as to whether there is sufficient evidence to corroborate the accomplice. It is interesting to note that, notwithstanding the fact that the accomplice gave information as to the party to whom he sold the

chickens, this party was not called as a witness to testify to such fact, nor to give the description or number of the chickens that he purchased of the accomplice. According to James H. Griffin's testimony, he lost only four chickens, but he does say that others had been taken from time to time. Whether he ever had as many Rhode Island Reds as the accomplice says that they stole, in his possession, Griffin does not testify. He does say that he had a good many Rhode Island Reds and White Leghorns, and practically all kinds of chickens; and, that he lost some sixteen (16) or seventeen (17) chickens during February and March.

"In this state of the record, Mrs. Byars' testimony must be looked to to form the basis of the corroboration necessary; and, the troublesome feature of her testimony is that the appellant and her husband admitted that they stole the chickens, but she says that they said they got the chickens from Phil Griffin's. Phil Griffin was a brother of the injured party, James H. Griffin, and, it seems, lived about one-half or one-fourth of a mile from James H. Griffin. Nowhere does she say that these parties had ever told her that the chickens came from James H. Griffin's.

"James H. Griffin's testimony may be susceptible of establishing the fact that he lost, or that there were taken from his possession, these Rhode Island Red hens; but, there is no testimony, outside of the testimony of the accomplice, that these identical chickens came from James H. Griffin's place. On the contrary, the testimony of Mrs. Byars shows that not only the accomplice, but the appellant, told her that the chickens were taken from Phil Griffin's."

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.